549 So.2d 520 (1989)
Kerry HARRIS
v.
STATE.
3 Div. 917.
Court of Criminal Appeals of Alabama.
January 27, 1989.
On Return to Remand August 25, 1989.
*521 Mark A. Cavanaugh, Montgomery, for appellant.
Don Siegelman, Atty. Gen., and Bryant G. Speed II, Asst. Atty. Gen., for appellee.
McMILLAN, Judge.
The appellant was indicted for escape in the first degree, and in October 1985 he was convicted, pursuant to this guilty plea. He was sentenced under the Youthful Offender Act to two years' imprisonment, with this sentence to run concurrently with another two-year sentence received in a separate case. This sentence was later suspended and the appellant was given probation on the condition that he pay to the court $2,080.00 in restitution, $177.00 in attorney fees, and $100.00 to the Alabama Crime Victims Compensation Fund.
In February of this year, a probation revocation hearing was held in the Montgomery County Circuit Court pursuant to a delinquency report filed by the appellant's probation officer. This report alleged that the appellant had violated the terms of his probation, in that he had been arrested for carrying a concealed weapon, and that he had willfully refused to pay the monies ordered by the court. At the conclusion of that hearing, the trial judge found that the appellant had willfully refused to pay the monies ordered by it as a condition of probation, and ordered that his probation be revoked. Two issues are raised in this appeal.

I.
The appellant first argues that the trial court erred in revoking his probation because, he says, the record of his revocation hearing does not contain a sufficient showing either that he had willfully and intentionally refused to pay the restitution ordered by the court as a condition of probation, or that he had failed to make sufficient efforts to legally acquire the resources to pay. This Court does not agree.
"It is clear as a matter of constitutional law that an indigent defendant cannot be required to serve jail time for nonpayment of fine and costs. `To imprison an indigent when in the same circumstances an individual of financial means would remain free constitutes a denial of equal protection of the laws.'" (citations omitted)
Crutcher v. State, 439 So.2d 725, 726 (Ala. Cr.App. 1983). In Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the Supreme Court reversed the judgment of the trial court, which ordered revocation of the appellant's parole for failure to pay fines and restitution without first determining that he had the ability to pay. The Bearden Court held:
"We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures to punishment other than imprisonment." *522 Id., 461 U.S. at 672, 103 S.Ct. at 2072. See also Snipes v. State, 521 So.2d 89, 90 (Ala. Cr. App. 1986).
The evidence is undisputed that, in the two-and-a-half-year period between his conviction and the revocation of his probation, the appellant paid a total of $30.00 in restitution. The appellant's own testimony established that he was employed on a fulltime basis for the majority of this time and had a monthly gross income between $600.00 and $800.00 for the 9 months preceding the revocation hearing.
Jim Lord, the appellant's probation officer, testified at the revocation hearing that he had on two occasions explained the conditions of his probation to the appellant, and that a schedule had been established for payment of the appellant's restitution. Lord testified that, in his opinion, the appellant had failed to comply with this schedule. Lord further testified that the appellant had been brought before the court on three occasions for his failure to report each month as required under the terms of his probation.
Ms. Jeanette Harris, the trial judge's secretary, testified that she had had several conversations with the appellant concerning his failure to make restitution payments. Ms. Harris stated that the court had given the appellant extensions in the past and had continually worked with the appellant in a vain attempt to get him to make the required payments.
The appellant testified that he lived with his parents and that he paid them $120.00 a month for rent and $100.00 a month for utilities. The appellant testified that he gave his parents "whatever they ask for if they need it," and that he also gave his brother money to help him out. The appellant further testified that he had an infant son that he supported. In response to a question from the court, however, the appellant replied, "I don't pay child support. What I do, I do what I can." Although the appellant testified that he gave an average of $280.00 a month to the mother of his child, the appellant failed to produce any receipts or cancelled checks evidencing such payments, and the mother did not testify.
Prior to revoking his probation, the trial court made a diligent inquiry into the reasons for appellant's nonpayment, pursuant to Bearden, supra, and Snipes, supra. At the conclusion of the revocation hearing, the court found from the evidence presented that the appellant had the financial ability to pay the ordered restitution but had willfully refused to do so. It is apparent from the record that the court did not find the appellant's testimony about his living expenses to be credible.
In the opinion of this Court, the record supports the findings of the trial court. This is especially true considering that, when given the choice between incarceration on a concealed weapons charge and payment of a fine that exceeded the total amount of the restitution paid by him, the appellant had no difficulty paying the fine. Here, the appellant had the resources to pay, but failed to adhere to the order of the trial court. In such a case, revocation of probation is a legitimate action by the trial court. See United States v. Wilson, 469 F.2d 368 (2d Cir.1972); A.B.A. Standards for Criminal Justice, 18-7.4 and Commentary (2d ed. 1980).

II.
The appellant next argues that the order of the trial court revoking his probation fails to meet the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), in that it fails to state the evidence relied on by the court. We agree with the appellant's contention.
The order of the trial court states, in pertinent part, as follows:
"Additionally, the appellant appeals from the order of this court revoking his probationary sentence on the 2nd day of February, 1988, said order reading as follows:
"`After a full hearing, and after the defendant had an opportunity to present his witnesses and cross-examine the State's witnesses, the court is of the opinion that the defendant's probation is due to be and is hereby revoked. The terms of the original sentence are reimposed.

*523 The court revokes the defendant for failing to abide by the terms of probation specifically relating to the payment of court ordered monies.'
"Appellant moves for an order fixing bail on appeal and for suspension of execution of sentence. Appellant further designates the entire record as the record on appeal."
In Weaver v. State, 515 So.2d 79 (Ala.Cr. App.1987), a case involving similar facts, this Court held:

"Armstrong v. State requires, in probation revocation proceedings, a written statement by the judge setting forth the evidence relied on and the reasons for revoking probation.... The trial court's order in the instant case is deficient, for it does not contain a written statement of the evidence relied on to support the reasons given for revocation." (citations omitted)
Id at 82.
This cause is therefore remanded to the trial court with directions that the court satisfy the requirement of a written order of revocation, and make due return to this Court.
REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND
McMILLAN, Judge.
This cause was originally remanded to the trial court with instructions that it make a finding of the evidence relied on in revoking the appellant's probation, as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). On return to remand, however, the trial court's amended order again failed to contain a written statement setting forth the evidence the court considered before entering its judgment.
Although the trial court's order still does not comply with the technical requirements of Armstrong, supra, recent decisions of this Court have recognized that remand is not required in every instance of an Armstrong deficiency. In Salter v. State, 470 So.2d 1360 (Ala.Cr.App. 1985), the probation revocation order entered by the trial court set forth the reasons for the court's judgment, but failed to state the evidence on which the court relied in reaching its determination. In upholding the trial court's revocation based on that order, we held the following:
"Although this order does not technically comply with the criteria of Armstrong, the record does satisfy the due process requirements that Armstrong was intended to protect. An inadequate report may be supplemented and cured by a sufficient record.

"`Despite the obvious inadequacies in these reports, they are often upheld if the reviewing court can look at the record of the case and divine reasons and evidence for the decision. This is especially likely to occur in those cases, usually involving probation revocation, where a complete transcript is available to the appellate court to use in lieu of an adequate report by the decisionmaker. Courts reason that the purposes of the written reportfacilitating appellate review and preventing repeated revocations for the same conductcan still be achieved irrespective of the lack of an adequate report by the decisionmaker.' N. Cohen and J. Gober, The Law of Probation and Parole 641 (1983).
"The record before this Court contains a complete transcript of the revocation hearing. The judge's order, considered in the context of the record, makes clear the evidence he relied on and the reasons for revoking probation. Obviously, he believed the testimony of [the State's chief witness] regarding the assault and the evidence concerning the DUI conviction. A remand of this cause for literal compliance with Armstrong would serve no purpose when the spirit of that case has been fostered and fulfilled."
Id. at 1362-63 (emphasis supplied). See also, Brown v. State, 515 So.2d 146, 148 (Ala.Cr.App.1987).
In the case sub judice, it is clear from a review of the transcript of the revocation hearing that the trial judge disbelieved the *524 appellant's testimony regarding his reasons for failing to pay the court-ordered restitution. Viewing the trial court's order in the context of the record, then, we find that the purpose of Armstrong has been met.
For the foregoing reasons, the judgment of the trial court is correct, and it is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.