TYSON, Judge.
On July 14, 1989, Laura L. Trainor pleaded guilty to the offense of theft in the first degree. She was sentenced to three years’ imprisonment. However, her sentence was suspended and she was placed on three years’ probation and ordered to pay restitution. On April 3, 1990, the State filed a Petition for Revocation Hearing. The charge contained in the Delinquency Report, which was attached to the petition, alleged that Trainor had changed her residence without notifying her probation officer. On May 3, 1990, a supplemental delinquency report charged that Trainor had also failed to report to her probation officer, and that she had associated with persons of disreputable character. On June 1, 1990, a revocation hearing was held after which Trainor’s probation was revoked. This is an appeal from the denial of Trai-nor’s probation.
The appellant contends that the trial court failed to meet one of the requirements set out in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Specifically, she alleges that, in his order revoking the appellant’s probation, the trial court failed to state the evidence he relied on and the reasons for revoking her probation. The court’s order is as follows:
“Now comes the Defendant and her attorney and in open Court on this the 1st day of June, 1990, after hearing testimony of the Defendant to show cause why her probation should not be revoked at this time, the Court finds that the Defendant has violated the conditions of her probation as set forth in the Delinquent Charges, more specifically Charge Nos. 1, 2, and 3.
“After due consideration, the Court finds that the Defendant has violated the terms of her probation and it is hereby ORDERED, ADJUDGED, AND DECREED BY THE COURT that the Defendant’s probation be and hereby is REVOKED and the Defendant is hereby sentenced to imprisonment in the State Penitentiary for a term of three (3) years for the offense of Theft, 1st Degree.”
(R. 51.)
The appellant is correct in her assertion that the trial judge did not state the evidence he relied on and the reasons for revoking her probation. This court has *406 held that technical compliance with this Armstrong requirement is not necessary as long as there is a sufficient record so that “the reviewing court can look at the record of the case and divine reasons and evidence for the decision.” Harris v. State, 549 So.2d 520, 523 (Ala.Crim.App. 1989) (quoting Salter v. State, 470 So.2d 1360 (Ala.Crim.App.1985)). However, in light of one of the issues raised by the appellant, we believe that we must remand this cause to the trial court so that he may make a written statement as to the evidence he relied on' in revoking the appellant’s, probation.
The appellant alleges that her probation revocation was based solely upon hearsay evidence. This court has consistently held that “probation cannot be revoked solely upon hearsay evidence.” Williams v. State, 557 So.2d 857 (Ala.Crim.App.1990) (quoting Moore v. State, 432 So.2d 552 (Ala.Crim.App.1983)). There may be some merit to the appellant’s contention and, thus, since we are unable to determine from the record what evidence the trial court relied on in making its decision to revoke the appellant’s probation, we remand this cause to the trial court with directions that it make a written statement consistent with this opinion. A return to remand to this court shall be made within 45 days of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.