TAYLOR, Judge.
The appellant, Lleuiellyn Bruno, appeals the revocation of his probation. He was serving five years on probation for theft of property in the first degree.
At the revocation hearing, the appellant’s probation officer testified that two of the conditions of the appellant’s probation were that the appellant report to him as directed and that he maintain employment. He then testified that the appellant no longer worked at a regular job. The appellant conceded that he no longer had a regular job, but denied having not reported to his probation officer.
The appellant asserts that the evidence was insufficient to support the revocation of his probation, apparently in the mistaken belief that contradicted evidence would not support a finding of fact. Any conflict in the evidence presented posed a question for the trier of fact to resolve.
Further, the appellant contends that the circuit court erred in not providing a written statement as to the evidence relied on in revoking probation, thus violating the minimal constitutional requirements. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). One such requirement is that the appellant be given “a written statement by the factfinder as to the evidence relied on and the reasons for revoking [probation or] parole.” Gagnon, 411 U.S. at 786, 93 S.Ct. at 1762. The “due process rights [of the probationers announced in Morrissey and Gagnon ] have not been changed by the United States Supreme Court and must be complied with.” Grimes v. State, 579 So.2d 693, 694 (Ala.Cr.App.1991).
This case is remanded to the Circuit Court for Talladega County. The circuit court is directed to prepare written findings of fact as to reasons for the probation revocation. A copy of the court’s findings shall be filed with this court within 60 days of the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.