Michael Scanlon Wilson, the appellant, was indicted by the Montgomery County grand jury for distribution of a controlled substance, cocaine, in violation of § 13A-12-211, Code of Alabama 1975. Pursuant to a plea agreement and an amendment to the indict *Page 971 
ment, he pleaded guilty to possession of a controlled substance and was sentenced to three years' imprisonment, which sentence was suspended on the condition that Wilson serve one year in the Montgomery County jail followed by two years on probation. This one-year sentence was postponed for six months, and the probationary sentence was to begin immediately. Subsequently, the appellant's probation violation was revoked. The appellant appeals his revocation.
The appellant contends that the trial judge did not comply with the due process requirements of Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v.Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973);Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (Ala. 1975); and Rule 27.6(f), A.R.Crim.P. Specifically, he argues that the trial judge did not make a written finding of fact setting out the evidence relied upon and the reasons for revocation of the appellant's probation.
The State's position is that, while the trial court failed to comply literally with Armstrong, it did comply with the spirit of that case and remand would, therefore, serve no purpose.
The trial judge did not enter a formal written order in this case. In the record of this hearing, we find the following at its conclusion:
 "The Court: Based upon the testimony, Mr. Wilson, I am going to revoke your probation and order your three-year sentence put into effect."
(R. 34.)
The case action summary in this record includes the following entry:
 "10-19-93: Defendant with attorney present came before the Court for final revocation hearing. Defendant denies guilt of charged violations of two new felony charges of distribution of controlled substance. Based on the testimony in open court, Defendant's probation revoked and 3-year sentence put into effect this day. Defendant advised of right to appeal. Defendant gives oral notice of appeal and enters motion for appeal bond. Appeal bond set at $10,000."
(C. 3.)
While the written entry in the case action summary does indicate that the reasons for probation revocation were the two charges of distribution of a controlled substance, nowhere does it state the evidence relied upon for this finding. Admittedly, there are a number of cases that assert that a complete record may supplement and cure an inadequate statement. See, e.g.,Salter v. State, 470 So.2d 1360 (Ala.Crim.App. 1985); Harrisv. State, 549 So.2d 520, 523 (Ala.Crim.App. 1989) (on return to remand opinion); Stanley v. State, 579 So.2d 19
(Ala.Crim.App. 1990); Southern v. State, 589 So.2d 811
(Ala.Crim.App. 1991). However, the great weight of authority clearly favors remanding this case for noncompliance with Armstrong.
See, e.g., Grimes v. State, 579 So.2d 693
(Ala.Crim.App. 1991); Heyward v. State, 583 So.2d 1352
(Ala.Crim.App. 1991); Stanley v. State, 587 So.2d 1258
(Ala.Crim.App. 1991); Osbourne v. State, 588 So.2d 516
(Ala.Crim.App. 1991); Womack v. State, 591 So.2d 107
(Ala.Crim.App. 1991); Bruno v. State, 599 So.2d 635 (Ala.Crim.App. 1992);Taylor v. State, 600 So.2d 1080 (Ala.Crim.App. 1992); Wyatt v.State, 608 So.2d 763 (Ala.Crim.App. 1992). (See also, Judge Taylor's dissent in Southern and Judge McMillan's opinion inHarris remanding the case to the trial court.)
"[T]herefore, this case must be remanded for the trial court to issue an order stating the reasons and the evidence reliedupon, in compliance with Gagnon, Morrissey, and Armstrong."Taylor v. State, 600 So.2d at 1082. Although the appellant did not object to the trial court's failure to issue a written order complying with the above-cited authorities, "we may not rely upon procedural bar on this particular issue. See Ex parteHelton, 578 So.2d 1379 (Ala. 1990)." Taylor at 1082.
This case is remanded to the Montgomery County Circuit Court so that it may file a written statement of the evidence relied upon in revoking the appellant's probation. A *Page 972 
copy of the circuit court's statement shall be filed with this court within 42 days.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
TAYLOR, J., concurs specially with opinion.
* On return to remand, the court on January 13, 1995, affirmed the decision by an unpublished memorandum.