BOWEN, Presiding Judge.
This is an appeal from a revocation of probation. In September 1993, the appellant, Thomas James Hill, pleaded guilty to and was convicted of sexual abuse in the first degree and was placed on five years’ probation. In February 1994, that probation was revoked because the appellant “failed to complete the North Alabama Sex Offender Treatment Program in Huntsville, AL.” C.R. 2.
The State requests that we remand this cause to the sentencing court for compliance with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Armstrong and Rule 27.6(f), A.R.Crim.P., require that “[t]he judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.” The sentencing court in this case did not make a written statement or state for the record the evidence relied upon in revoking the appellant’s probation. The State’s request is granted and this cause is remanded with directions that the sentencing court enter the appropriate written statement of the evidence relied upon and the reasons for revoking probation. See Wilson v. State, 659 So.2d 970 (Ala.Cr.App.1994).
Furthermore, the record on appeal does not show how the sentencing court obtained jurisdiction over the appellant and secured his presence for the probation revocation proceedings. See Rule 27.4, A.R.Crim.P. Therefore, on remand, the sentencing court shall specifically address the issue of jurisdiction in its written statement. On remand, the sentencing court is authorized to grant the appellant the relief, if any, to which he might be entitled.
A proper return shall be made to this Court within 42 days from the date of this opinion reflecting a response to these directions.
REMANDED WITH DIRECTIONS.
All Judges concur.