COBB, Judge.
This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17,1995.
The appellant, Michael David Spell-man, appeals from the trial court’s revocation of his probation. In his petition, the appellant contends that the trial court failed to make written findings as to the evidence relied on and the reasons for revoking his probation as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Rule 27.6(f), Ala.R.Crim.P. The appellant is correct.
Therefore, this cause is remanded with directions that the trial court enter a written statement of the evidence relied upon and the reasons for revoking the appellant’s probation. Wilson v. State, 659 So.2d 970 (Ala. Crim.App.1994). The trial court shall take the necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 70 days of the release of this opinion.
The appellant raises several other issues that we are unable to address at this time because the revocation proceedings are not included in the record.
“An appellate court is ‘bound by what appears in the record before [it]. The appellant “ ‘bears the burden of bringing the record before an appellate court. He and his counsel have the duty of checking the record before submitting the appeal. It is their duty to file a corrected record.’ ” Welch v. State, 455 So.2d 299, 300 (Ala.Cr.App.1984) (quoting Harris v. State, 420 So.2d 812, 816 (Ala.Cr.App.1982)).’ Jordan v. State, 607 So.2d 338, 335 (Ala.Cr.App.1992).”
Ingram v. State, 629 So.2d 800, 804 (Ala.Crim.App.1993). On remand, the record should be supplemented with the transcript of the probation revocation hearing. If the court conducts any further proeeedmgs on remand, a transcript of these proceedings should also be included in the return to remand.
REMANDED WITH INSTRUCTIONS*
All the Judges concur.

 Note from the Reporter of Decisions: On July 28, 1995, the Court of Criminal Appeals, on return to remand, affirmed by unpublished memorandum.