677 So.2d 1275 (1996)
Henry Edward EASTLAND
v.
STATE.
CR-94-2042.
Court of Criminal Appeals of Alabama.
March 8, 1996.
Tim Milam, Tuscumbia, for Appellant.
Jeff Sessions, Atty. Gen., and Carol Jean Smith, Asst. Atty. Gen., for Appellee.
COBB, Judge.
The appellant, Henry Edward Eastland, appeals from an order of the trial court revoking his probation. He raises three issues on appeal.

I
The appellant contends on appeal that he did not receive written notice before the revocation hearing of the delinquency charges that were the basis for the revocation hearingviolating the conditions of his *1276 probation by driving under the influence, failing to secure employment, failure to pay court costs, and failing to avoid injurious habits (drinking alcoholic beverages). The appellant raises this issue for the first time on appeal. In opinions released this same day, this court addresses a probationer's failure to object before or during the revocation hearing to lack of notice of the alleged violations. See Puckett v. State, [Ms. CR-95-2059, March 8, 1996] ___ So.2d ___ (Ala.Cr.App.1996); see also King v. State, 677 So.2d 1278 (Ala.Cr.App.1996). We stated in King:
"[T]he minimum due process requirements for revocation of a parolee's parole set out in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and applicable to probationers in probation revocation proceedings see Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), include written notice to the probationer of the claimed violations of probation before the probation hearing. The Alabama Supreme Court applied these requirements in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Also, Rules 27.5 and Rule 27.6, Ala.R.Crim.P., set out the procedure for probation revocation, which is intended to comply with these due process requirements.
"In Puckett, the appellant alleged that the trial court erred in revoking his probation because he was not provided with a written copy of the alleged probation violations before the revocation hearing. This court held `The appellant failed to preserve this issue for our review, because he did not present this issue to the trial court.' Puckett, supra. We went on to state:
"`The numerous recent cases where this court has made an exception to the general rules of preservation and remanded a case to the trial court when the issue of noncompliance with the requirements of Morrissey, and Gagnon or Rule 27.5 and Rule 27.6 was raised for the first time on appeal have been limited to instances involving inadequate written orders of revocation. See, e.g., Wilson v. State, 659 So.2d 970 (Ala.Cr.App.1994); T.H.B. v. State, 649 So.2d 1323 (Ala.Cr.App.1994). [Puckett's] claim that he was not provided with a written copy of the alleged violations before his hearing does not fit this exception and for the reasons stated above, we decline to carve out another exception. Therefore, [Puckett's] claim is not preserved for our review.'"
King v. State, 677 So.2d 1278, 1278 (Ala.Cr. App.1996).
On the authority of Puckett and King, we find that the appellant has waived appellate review of this issue because it was not raised before or during the probation revocation hearing. Furthermore, the appellant appeared at the revocation hearing and presented a defense to the charges. There is no indication in the record that he was unaware of the charges or that he was unprepared to offer a defense.

II
The appellant's allegation of ineffective assistance of trial counsel is procedurally barred. This issue was not presented to the trial court. "Claims of ineffective assistance of counsel cannot be raised for the first time on appeal." Worthington v. State, 652 So.2d 790 (Ala.Cr.App.1994).

III
The appellant's allegation that trial court abused its discretion by revoking his probation for failure to pay court costs does not merit consideration on appeal. The trial judge heard testimony relating to and had reason to revoke the appellant's probation based on any of the other charges. Furthermore, this issue was not raised at trial. "This Court will not consider an argument raised for the first time on appeal; its review is limited to evidence and arguments considered by the trial court." Abbott v. Hurst, 643 So.2d 589 (Ala.1994).
Based on the above, we find no error with the trial court's revocation of the appellant's probation.
AFFIRMED.
All the Judges concur except TAYLOR, P.J., who concurs in part and dissents in part with opinion.
*1277 TAYLOR, Presiding Judge, concurring in part and dissenting in part.
I concur in the majority opinion with one exception. I dissent from that part of the majority's opinion holding that the appellant's claim that he was not given written notice of his probation violation was not preserved for appellate review because it is raised for the first time on appeal. This is contrary to long-established precedent.
The United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), set forth the minimal constitutional requirements a probationer must be afforded before his probation may be revoked. Those rights include: 1) written notice of the claimed violations, 2) disclosure to the probationer of the evidence against him, 3) an opportunity to be heard in person and to present witnesses, 4) the right to confront and cross-examine adverse witnesses, 5) the right to a neutral and detached hearing body, and 6) a written statement by the factfinder of the evidence relied on for revoking probation. As this court stated in Chasteen v. State, 652 So.2d 318, 318-19 (Ala.Cr.App. 1994):
"The appellant contends that his due process rights were violated because the trial court failed to make written findings regarding the reasons it relied upon in revoking his probation. The state contends that this issue was not preserved for our consideration because no objection was made to the trial court. This very issue was recently addressed in Gates v. State, 629 So.2d 719, 720 (Ala.Cr.App.1993). We stated:
"`In Ex parte Helton, 578 So.2d 1379 (Ala.1990), the Alabama Supreme Court, reversing this court's judgment in Helton v. State, 578 So.2d 1377 (Ala.Cr.App. 1989), implicitly held that issues concerning the necessity for due process at probation revocation hearings did not have to be preserved to merit appellate review. This court will therefore review issues concerning the due process requirements for the revocation of probation without requiring that an objection be made in the circuit court. Story v. State, 572 So.2d 510 (Ala.Cr.App.1990).'
"The United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), set forth the minimal due process requirements that must be met before an individual's parole may be revoked. These rights were extended to the revocation of probations in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). These due process requirements are as follows: (1) written notice of the violation, (2) disclosure of the evidence against the probationer, (3) the opportunity to be heard and to present witnesses and evidence, (4) the opportunity to confront and to cross-examine adverse witnesses, (5) a hearing before a neutral and detached body, and (6) a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. Gagnon."

This same issue was addressed by this court and resolved in Chasteen and Gates v. State, 629 So.2d 719, 720 (Ala.Cr.App.1993). The Alabama Supreme Court in Chasteen and Gates denied certiorari review without opinion. Chasteen v. State [Ms. 1931566, December 9, 1994] ___ So.2d ___ (Ala.1994) (table), and Gates v. State, [Ms. 1921686, November 12, 1993] ___ So.2d ___ (Ala. 1993) (table). But see King v. State, 677 So.2d 1278 (Ala.Cr.App.1996) (Taylor, P.J., dissenting), and Puckett v. State, [Ms. CR-94-2059, March 8, 1996] ___ So.2d ___ (Ala. Cr.App.1996) (Taylor, P.J., dissenting). A violation of the due process guarantees of Morrissey and Gagnon does not have to be preserved to merit appellate review. Because I believe that this issue does not have to be preserved for appellate review, I must dissent.