The appellant, Daryl Glen King, appeals from an order of the trial court revoking his probation. The appellant appeared at his probation revocation hearing and admitted that he had violated the terms of his parole. He alleges on appeal that he was denied due process because, he says, he was not given notice of his alleged probation violations before his probation revocation hearing. The appellant raises this issue for the first time on appeal.
A probationer's failure to object at the trial level to his failure to receive prior notice of his alleged probation violations is addressed by this court in Puckett v. State, [Ms. CR-95-2059, March 8, 1996] ___ So.2d ___ (Ala.Cr.App. 1996). InPuckett, this court noted that the minimum due process requirements for revocation of a parolee's parole set out inMorrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484 (1972) and applicable to probationers in probation revocation proceedings, see Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), include written notice to the probationer of the claimed violations of probation before the probation hearing. The Alabama Supreme Court applied these requirements in Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975). Also, Rule 27.5 and Rule 27.6, Ala.R.Crim.P., set out the procedure for probation revocation, which is intended to comply with these due process requirements.
In Puckett, the appellant alleged that the trial court erred in revoking his probation because he was not provided with a written copy of the alleged probation violations before the revocation hearing. This court held, "The appellant failed to preserve this issue for our review, because he did not present this issue to the trial court." Puckett, supra. We went on to state:
 "The numerous recent cases where this court has made an exception to the general rules of preservation remanded a case to the trial court when noncompliance with the requirements of Morrissey, and Armstrong, or Rule 27.5 and Rule 27.6 was raised for the first time on appeal have been limited to instances involving inadequate written orders of revocation. See, e.g., Wilson v. State, 659 So.2d 970 (Ala.Cr.App. 1994); T.H.B. v. State, 649 So.2d 1323 (Ala.Cr.App. 1994). [Puckett's] claim that he was not provided with a written copy of the alleged violations before his hearing does not fit this exception and for the reasons stated above, we decline to carve out another exception. Therefore, [Puckett's] claim is not preserved for our review."
Puckett, supra.
On the authority of Puckett v. State, [Ms. CR-95-2059, March 8, 1996] ___ So.2d ___ *Page 1279 
(Ala.Cr.App. 1996) we hold that the appellant has waived appellate review of this issue because it was not raisedbefore or during the probation revocation hearing.
The trial court's revocation of the appellant's probation is affirmed.
AFFIRMED.
All the Judges concur except TAYLOR, P.J., who dissents with opinion.