The appellant, Ivan Reed, pleaded guilty to the offense of failure to redeliver a hired vehicle and was sentenced to five years' imprisonment. That sentence was suspended and he was placed on five years' probation. Subsequently, the appellant's probation officer declared him delinquent, but requested no arrest. Following a hearing, his probation was revoked for not refraining from participating in illegal activities, including illegal drug use, which was a condition of his probation.
The appellant argues that the trial court erred in revoking his probation, in that the evidence relied on was not stated in the trial court's order. He further argues that the trial court failed to provide written notice of the alleged violations.
The record indicates that the appellant failed to object to the lack of written notice; therefore, this matter is not preserved for review. Puckett v. State, 680 So.2d 980
(Ala.Cr.App. 1996); King v. State, 677 So.2d 1278
(Ala.Cr.App. 1996).
A review of the trial court's order makes clear the basis and reasons for his revocation. However, the order does not specifically state the evidence upon which the trial court relied in making its determination. Based on Hairgrove v.State, 668 So.2d 887 (Ala.Cr.App. 1995), this case must be remanded with directions to the trial court to enter an order stating the evidence it relied on in revoking the appellant's probation. A return should be filed with this Court within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur, except TAYLOR, P.J., who concurs in result only without opinion.
 On Return to Remand