COBB, Judge.
James Michael Burley appeals the circuit court’s revocation of his probation. On June 23, 1997, Burley was placed on probation after pleading guilty to assault in the second degree and criminal mischief. After a hearing on September 5,1997, Burley’s probation was revoked and his 18-month sentence was reinstated.
Burley contends that he did not receive the due process requirement of written notice of the allegations against him prior to his hearing. See, § 15-22-54, Ala.Code 1975. He acknowledges that he did not preserve this issue for appellate review by an objection in the circuit court. King v. State, 677 So.2d 1278 (Ala.Cr.App.1996) (the issue whether the defendant was given notice of alleged probation violations before the revocation hearing was waived from appellate review because it was not raised before or during the probation revocation hearing). However, Burley asks us to revisit the majority opinion in King, and upon doing so, to adopt the dissent in that case. In the dissent, Judge Taylor argued that a due process violation does not have to be preserved by objection to merit appellate review. See, King, 677 So.2d at 1279 (Taylor, J., dissenting). We decline to do so.
Burley contends, and the State does not dispute, that the record does not contain a written order that satisfies the requirements of due process[1] by reflecting the trial judge’s reasons for, and evidence relied upon in, revolting probation. See Rule 27.6(f), Ala. R.Crim.P.[2]; Wadsworth v. State, [Ms. CR96-0591, July 3, 1997] So.2d (Ala.Cr.App.1997); Henry v. State, 675 So.2d 44 (Ala.Cr.App.1994); and Allen v. State, 644 So.2d 45 (Ala.Cr.App.1994). For that reason, the case must be remanded with directions to the trial court to enter such an order in compliance with the above-cited authority.
Failure to enter a written revocation order is an exception to the preservation requirement and may be raised for the first time on appeal. Stallworth v. State, 690 So.2d 551 (Ala.Cr.App.1997). Accordingly, we are remanding this cause to the trial court for that court to make written findings stating its reasons for revoking appellant’s probation and the evidence it relied on in doing so. Return should be made to this Court within 45 days from the date of this opinion.
REMANDED WITH DIRECTIONS. *
All the Judges concur.

. See, Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); and Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).

. In Trice v. State, [Ms. CR-95-2006, October 17, 1997] So.2d (Ala.Cr.App.1997), this Court invited the Alabama Supreme Court to overrule its holding in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), requiring a separate written order containing the reasons for, and evidence relied upon in, revoking probation, when the trial court has stated its reasons and the evidence on the record. The Supreme Court has taken no action in that regard. Regardless, in the present case, the record contains neither written nor oral findings of fact.

 Note from the reporter of decisions: On April 3, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.