McMILLAN, Judge.
On March 17, 1998, the appellant, Gregory Scott Shook, pleaded guilty to assault in the first degree. He was sentenced to 10 years’ imprisonment; that sentence was split, and he was ordered to serve 18 months in the Lauderdale Work Release Center. He also was ordered to pay a total of $4,237.78 in restitution, $50.00 to the Crime Victims Compensation Fund, court costs, and attorney fees.[1] On December 15, 1998, the appellant’s work-release supervisor notified the court that the appellant had failed to report for work on December 12, 13, and 14. On December 16, after a hearing, the trial court revoked the appellant’s split sentence and ordered him to serve the original 10-year sentence.
*200 I.
The appellant first contends that the trial court lacked jurisdiction to revoke his split sentence because, he says, before the alleged work-release violations occurred, he had fully complied with the conditions of the court’s “amended sentence order” of December 4, 1998, by paying all of the monies he owed to the court. He argues that he detrimentally relied on the court’s order in that he borrowed the money he used to pay the court.
The record reveals the following with regard to the December 4 order: After the clerk’s record was filed with this court, the appellant filed a motion to supplement the record to add the court’s order and the receipts issued on December 11, showing that the appellant had paid all of the monies he was required by the order to pay. The December 4 order was a “Work Release Program Order,” which stated, in part, that the “defendant shall be confined in the Lauderdale County Work Release Center for a period of 18 mos. or until all monies are paid to the Court.” The trial court granted the motion and supplemented the record; however, the court also included in the supplemented record a transcript of the original sentencing hearing and an explanation of the circumstances surrounding the December 4 order. The court explained that the order had been submitted by the work release center to correct an overwithholding error in the appellant’s wages and it was not intended to provide for an automatic release upon full payment. The appellant has now filed a motion to strike the court’s additions — i.e., the transcript and the explanation — asking this court to accept only the December 4 order and the receipts originally requested by the appellant.
The appellant’s motion to strike is due to be denied. The supplementary information sought by the appellant relates to his claim that he had satisfied the terms of the December 4 order. This claim was raised for the first time on appeal. The trial court stated that it filed its additions to the supplement because “[sjimply granting the motion would distort the true and complete record in this case and possibly lead to a miscarriage of justice.”
With regard to the merits of the appellant’s claim that he had fully complied with the December 4 order, that claim cannot be considered because it was not preserved for review on appeal. This court will not consider an argument that is raised for the first time on appeal; its review is limited to the evidence and the arguments considered by the trial court. Eastland v. State, 677 So.2d 1275 (Ala.Cr.App.1996). At the revocation hearing, the appellant stated that he had spent Friday, December 11, borrowing money to pay the court. He did not, however, claim that this payment had relieved him from continuing on work release.
II.
The appellant also contends that the trial court revoked his sentence without affording him basic due process guarantees. He first argues that he was furnished with a Notice of Violation on December 15 and that, although the record does not reflect when the notice was served, “it appears the Defendant received notice only minutes before the hearing was held.” He also argues that the trial court’s revocation order was insufficient, because the court failed to set out the reasons for the revocation or the evidence upon which it relied.
The appellant’s first claim is not preserved for review on appeal. The record reveals that the appellant did not raise the issue of notice at the revocation hearing.[2] Without an adverse ruling by the trial court, nothing was preserved for this court to review. Smith v. State, 531 So.2d 1245 (Ala.Cr.App.1987).
*201 With regard to the trial court’s written order of revocation, Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (Ala.1975), requires a written statement of the evidence relied upon and the reasons for revoking probation. The order in the present case reads, in pertinent part, as follows:
“On December 16, 1998, the defendant appeared, and after a hearing, the Court finds that he has once again violated the terms and conditions of work release.”
Because the order does not specify either the reasons for the revocation or the evidence upon which the revocation was based, this case must be remanded for the trial court to enter an order that satisfies the requirements of Armstrong v. State, supra, and Rule 27.6(f), Ala.R.Crim.P. A return should be filed with this court within 45 days after the release of this opinion.
MOTION TO STRIKE DENIED; REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.

. In August the appellant’s work release was revoked because of an alcohol violation. It was subsequently reinstated.

. The appellant’s counsel stated at the hearing that he had not had an opportunity to speak with the appellant about "this latest incident.” He did not, however, indicate any lack of written notice, and he did not request a continuance.

 Note from the reporter of decisions: On March 24, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion.