Maurice D. Durr appeals from the revocation of his probation. Durr pleaded guilty to possession of marijuana in the first degree and was sentenced to three years' imprisonment on July 30, 1998. Durr's sentence was suspended, and he was placed on probation for three years. On July 16, 2000, a writ of arrest was issued for Durr for violating his probation. On August 22, 2000, Durr appeared before the trial court for a probation revocation hearing. The trial judge revoked Durr's probation; Durr now appeals from the circuit court's order revoking his probation.
On appeal, Durr contends (1) that the order revoking his probation was insufficient because it did not state the evidence relied upon and the reason for revoking probation, (2) that the trial court erred when it accepted Durr's admission without first advising him of his rights and determining that the admission was voluntary, and (3) that the trial court erred when it revoked Durr's probation based only on hearsay. We agree that the trial court's order revoking probation is not sufficient, and we remand this case.
Durr first claims that the court's written order did not comply with due process requirements because, he says, it did not state the evidence upon which the court relied in revoking his probation. Durr raises this issue for the first time on appeal. The general rules of preservation apply to probation revocation proceedings. Puckett v. State, 680 So.2d 980,983 (Ala.Crim.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081
(Ala.Crim.App. 1992). However, the question of the adequacy of a written order of revocation can be raised for the first time on appeal. Owens v.State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). In this case, the only written "order" was a notation on the case action summary sheet that stated, "Probation is revoked." (C.R. 2.)
Before it can revoke probation, a trial court must provide a written order stating the evidence and the reasons relied on for the revocation.Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App. 1997), citing Gagnonv. Scarpelli, 411 U.S. 778 93 S.Ct. 1756, *Page 596 36 L.Ed.2d 656 (1973), Armstrong v. State, 312 So.2d 620 (Ala. 1975), andWyatt v. State, 608 So.2d 762 (Ala. 1992).[1]
The trial court's written order in this case is insufficient. The trial court did not adequately state its reasons for the revocation or what evidence the court relied upon to revoke the appellant's probation. The order is insufficient, and we must remand the cause so that the court can specify the evidence it relied on and its reasons for revoking probation.
The record reflects that the remainder of Durr's claims are being raised for the first time on appeal. He did not assert these claims before or during the revocation hearing; thus, nothing has been preserved for appellate review. King v. State, 677 So.2d 1278, 1278-79
(Ala.Crim.App. 1996); Taylor v. State, 600 So.2d 1080 (Ala.Crim.App. 1992); Stallworth v. State, 690 So.2d 551, 553 (Ala.Crim.App. 1997).
We remand this cause to the trial court with directions that it file a written statement of the evidence it relied upon and its reasons for revoking Durr's probation. A copy of the trial court's order shall be returned to this Court within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.
[1] In Trice v. State, 707 So.2d 294, 299 (Ala.Crim.App. 1997), this Court urged the Alabama Supreme Court "to modify its present requirement that a separate written order be entered when a transcript of the revocation hearing is available." We again urge the Alabama Supreme Court to reconsider its holding in Armstrong.