SHAW, Judge.
John Hood appeals from the trial court’s order revoking his probation.
On February 14, 2001, Hood was convicted of escape in the third degree and was sentenced to three years’ imprisonment. The sentence was split, and Hood was ordered to serve three months in confinement followed by two years on probation. On June 18, 2001, Wade Brinson, Hood’s probation officer, filed a delinquency report alleging that Hood had violated the terms and conditions of his probation by committing a new offense and by failing to avoid injurious or vicious habits. After a revocation hearing on August 14, 2001, the trial court revoked Hood’s probation.
On appeal, Hood contends that the trial court erred in revoking his probation because, he says: (1) there was insufficient evidence to warrant revoking his proba *853 tion; (2) he was not informed that he had the right to call witnesses and to present evidence on his behalf; and (3) the probation-revocation hearing was not held within a reasonable time after his initial appearance as required by Rule 27.6(a), Ala. R.Crim.P. None of these issues were presented to the trial court. In Evans v. State, 794 So.2d 1234 (Ala.Crim.App.2000), this Court stated:
“Even constitutional issues must be properly preserved for appellate review. Brown v. State, 705 So.2d 871, 875 (Ala.Crim.App.1997).
“ ‘The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App.1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Crim.App.1992). This court “has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation ..., and (2) the requirement that a revocation hearing actually be held.” Puckett, 680 So.2d at 983.’
“Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998). Additionally, as noted earlier, this Court recently held in Law [v. State, 778 So.2d 249 (Ala.Crim.App.2000),] that a defendant can also raise for the first time on appeal that the trial court erred in failing to advise him of his right to request an attorney during probation revocation proceedings. 778 So.2d at 250.”
794 So.2d at 1236-37. Hood’s claims do not fall within one of the exceptions to the general rules of preservation that have been recognized in probation-revocation proceedings. Thus, because Hood did not raise these claims in the trial court, they were not properly preserved for review.
Hood also contends on appeal that the trial court’s order revoking his probation was insufficient because, he says, the trial court failed to state the reasons it was revoking his probation or the evidence it relied on in doing so. Although Hood did not object to the sufficiency of the trial court’s order, it is well settled that “the adequacy of a written order of revocation can be raised for the first time on appeal.” Durr v. State, 807 So.2d 595, 595 (Ala.Crim.App.2001), citing Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998).
“ ‘In accordance with Gagnon v. Scarpelli 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.’ Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App.1997). ‘These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.’ T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Cr.App.1994).”
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App.2000). Here, the trial court’s order consisted only of a notation on the case action summary sheet that “[probation is revoked.” (C. 2.) As the State correctly points out in its brief to this Court, this Court held in Durr, supra, that the trial court’s notation on the case action summary sheet that “probation is revoked” was not sufficient to satisfy the requirements of due process. 807 So.2d at 595. Likewise, in this case, the trial court’s notation on the case action summary sheet was not sufficient to satisfy due process.
*854 Therefore, based on Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), we must remand this cause to the trial court for it to prepare a written statement of the reasons for revoking Hood’s probation and the evidence it relied upon in doing so. The trial court shall take the necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS. *
McMILLAN, P.J„ and COBB, BASCHAB, and WISE, JJ., concur.

 Note from the reporter of decisions: On September 20, 2002, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.