SHAW, Judge.
James Walter Davis III appeals from the trial court’s order revoking his probation.
On August 22, 2001, Davis pleaded guilty to theft of lost property in the first degree; he was sentenced to 10 years’ imprisonment. That sentence was suspended, and he was placed on three years’ probation. On December 11, 2001, Davis’s probation officer filed a delinquency report alleging that Davis had violated the terms and conditions of his probation by (1) failing to report to his probation officer in November and December 2001; (2) failing to pay supervision fees in October, November, and December 2001; and (3) failing to pay court costs. After .a revocation hearing on June 26, 2002, the trial court revoked Davis’s probation.
On appeal, Davis contends that the trial court’s order revoking his probation was insufficient because, he says, the trial court failed to state the reasons it was revoking his probation or the evidence it relied on in doing so. Although Davis did not object to the sufficiency of the trial court’s order, it is well settled that “the adequacy of a written order of revocation can be raised for the first time on appeal.” Durr v. State, 807 So.2d 595, 595 (Ala.Crim.App.2001), citing Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998).
“ ‘In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.’ Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App.1997). ‘These requirements offer the probationer some protection *24 from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.’ T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Cr.App.1994).”
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App.2000). Here, the trial court’s order consisted only of a notation on the case action summary sheet that “[p]robation is revoked.” (C. 2.) As Davis correctly points out in his brief to this Court, this Court held in Durr, supra, that the trial court’s notation on the case action summary sheet that “probation is revoked” was not sufficient to satisfy the requirements of due process. Durr, 807 So.2d at 596. Likewise, in this case, the trial court’s notation on the case action summary sheet was not sufficient to satisfy due process.
Therefore, based on Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), we must remand this cause for the trial court to prepare a written statement of the reasons for revoking Davis’s probation and the evidence it relied upon in doing so. The trial court shall take the necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time within 35 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ„ concur.

 Note from the reporter of decisions: On April 18, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.