BASCHAB, Judge.
On March 15, 2001, the appellant, Bryan Edward Smith, was convicted of two counts of second-degree theft of property and one count of third-degree burglary. The trial court sentenced him to serve concurrent terms of five years in prison on each conviction, but suspended the sentences and ordered him to serve three years on supervised probation. On or about September 20, 2002, the appellant’s probation officer filed a motion to revoke and an “Officer’s Report on Delinquent Probationer.” After conducting a revocation hearing, the circuit court revoked the appellant’s probation. This appeal followed.
The appellant argues that, in its written revocation order, the circuit court did not adequately state the evidence upon which it relied and its reasons for revoking his probation, as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). The State agrees and asks that we remand this case for the circuit court to enter an adequate written revocation order. The case action summary sheet in this case includes only the notation “Probation is revoked.” (C.R. 2.) That notation does not include a statement of the evidence upon which the circuit court relied in revoking the appellant’s probation or the circuit court’s reasons for revoking his probation. See Durr v. State, 807 So.2d 595 (Ala.Crim.App.2001). Accordingly, we remand this case to the circuit court with instructions that that court enter a written order in which it specifically states the evidence upon which it relied and its reasons for revoking the appellant’s probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 21 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS. *
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On August 15, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.