BASCHAB, Judge.
On March 22, 2001, the appellant, Mario Stinson, pled guilty to first-degree robbery, third-degree burglary, and first-degree criminal mischief. On April 13, 2001, the trial court sentenced him to serve concurrent terms of ten years in prison on each conviction, but split the sentences and ordered him. to serve three years in prison followed by three years on supervised probation. Subsequently, revocation proceedings were initiated. After conducting a revocation hearing, the circuit court revoked the appellant’s probation. This appeal followed.
I.
The appellant argues that the circuit court erroneously relied upon hearsay when it revoked his probation. However, he did not present this argument to the circuit court. Therefore, it is not properly before this court. See Puckett v. State, 680 So.2d 980 (Ala.Crim.App.1996) (holding that the general rules of preservation apply in probation revocation proceedings).
II.
The appellant also argues that, in its written revocation order, the circuit court did not adequately state the evidence upon which it relied and its reasons for revoking his probation, as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). The case action summary sheets in these cases include only the notation “Probation is revoked.” (C.R. 2, 4.) That notation does not include a statement of the evidence upon which the circuit court relied in revoking the appellant’s probation or the circuit court’s reasons for revoking his probation. See Durr v. State, 807 So.2d 595 (Ala.Crim.App.2001). Accordingly, we remand this case to the circuit court with instructions that that court enter a written order in which it specifically states the evidence upon which it relied and its reasons for revoking the appellant’s probation in these cases. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 21 days after the release of this opinion.
*750 REMANDED WITH INSTRUCTIONS. *
McMILLAN, PM., and COBB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On August 20, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On September 10, 2004, that court denied rehearing, without opinion. On November 12, 2004, the Supreme Court denied certiorari review, without opinion (1031936).