579 So.2d 693 (1991)
Tony Eugene GRIMES
v.
STATE.
CR 89-1300.
Court of Criminal Appeals of Alabama.
January 18, 1991.
On Return to Remand April 11, 1991.
*694 Paul D. Brown, Mobile, for appellant.
Don Siegelman, Atty. Gen., and Gilda Branch Williams, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
Tony Eugene Grimes appeals from the revocation of his probation. He contends that his case should be remanded to the circuit court because, he argues, the trial court failed to comply with the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620, 623 (1975). Specifically, he contends that no specific findings were made by the trial court as to the evidence relied upon in revoking his probation. We must agree.
The State argues that it is apparent from the record why the appellant's probation was revoked, and, therefore, that it is not necessary to make specific findings. This precise issue was addressed in Vogel v. State, 543 So.2d 200 (Ala.Cr.App.1989). In Vogel, this court stated that "this argument... finds little support under Alabama law." Vogel, 543 So.2d at 201. We went on further to say:
"`Our review shows that the requirements of Armstrong, supra, have not been satisfied. In revoking probation, a trial judge must make a written statement as to the evidence relied on and the reasons for revoking probation.'"
Vogel, 543 So.2d at 201, quoting Taylor v. State, 405 So.2d 55, 56 (Ala.Cr.App.1981).
The minimum constitutional requirements for revocation of parole and probation have long been established by the United States Supreme Court in the cases of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).[1]
In addressing probation revocation hearings, the Court, in Gagnon, quoting from Morrissey, listed the following minimal requirements of due process when revoking probation:
"`(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.' Morrissey v. Brewer, supra [408 U.S.] at 489, 92 S.Ct. at 2604."
Gagnon, 411 U.S. at 786, 93 S.Ct. at 1761-62. (Emphasis added).
The United States Supreme Court has clearly set out the principles of due process in the cases listed above. These due process rights have not been changed by the United States Supreme Court and must be complied with.
The Alabama Supreme Court applied those principles in Armstrong, supra, and again affirmed those principles in the recent case of Belcher v. State, 556 So.2d 369 (Ala.1989). It stated that "[c]ertain standards of due process of law must be met to justify revocation. These standards are set out in Armstrong v. State, supra." 556 So.2d at 369. (Emphasis added). These rules clearly require that a written statement be supplied to the probationer setting forth the reasons relied on by the court in revoking probation. The written statement of the reasons relied upon "`relates to a matter of substance and not mere form.' Carter v. State, 389 So.2d 601 (Ala.Cr.App. 1980)." Joiner v. State, 454 So.2d 1048, 1049 (Ala.Cr.App.1984).
Thus, in accordance with the requirements set out by the United States Supreme Court in Morrissey and Gagnon, this case is remanded to the Circuit Court *695 of Mobile County with directions that the trial court comply with the minimum constitutional requirements set out above. A copy of the court's findings should be filed with this court within 90 days.
REMANDED WITH DIRECTIONS.
All the Judges concur except McMILLAN, J., who concurs specially with opinion.
McMILLAN, Judge (concurring specially).
This Court has held that, where a trial court's written order does not technically comply with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), but the record makes clear the reasons for the trial court's revocation of probation, "an inadequate report may be supplemented and cured." Salter v. State, 470 So.2d 1360, 1362 (Ala.Cr.App.1985).
"`"Despite the obvious inadequacies in these reports, they are often upheld if the reviewing court can look at the record of the case and divine reasons and evidence for the decision. This is especially likely to occur in those cases, usually involving probation revocation, where a complete transcript is available to the appellate court to use in lieu of an adequate report by the decisionmaker. Courts reason that the purposes of the written reportfacilitating appellate review and preventing repeated revocations for the same conductcan still be achieved irrespective of the lack of an adequate report by the decisionmaker." N. Cohen and J. Gober, The Law of Probation and Parole 641 (1983).'"
Harris v. State, 549 So.2d 520, 523 (Ala.Cr. App.1989).
In the present case, the trial court failed to indicate in any way what evidence he relied on in revoking probation. Its written order simply states that it made its determination "after hearing the evidence." Moreover, the trial court's decision after hearing the evidence was simply "probation revoked." The delinquency report charged the appellant on three grounds: failing to pay supervision fees, committing a new offense of receiving stolen property in the first degree, and committing another new offense of receiving stolen property in the first degree. The transcript of the hearing is contained in the record, and the State presented evidence concerning all three charges. However, because of the inadequacies of the trial court's oral statement at the close of the evidence, it is impossible to determine whether it made its decision based on the evidence concerning one, two, or all three charges. Thus, appellate review of this decision would be impossible. Therefore, I concur in the majority's decision to remand this cause to the trial court for a more specific statement concerning the trial court's reasons for revoking probation.

ON RETURN TO REMAND
TAYLOR, Judge.
This case was remanded to the circuit court with directions that it comply with the minimum constitutional requirements for revocation of probation. The court has complied and entered the following order:
"This cause coming before the Court by way of a Complaint of Delinquent Probationer and testimony having been taken in open court with the Defendant present and represented by counsel, the Court makes the following findings of facts:
"(1) The defendant was convicted of burglary in the third degree (3 counts) and receiving stolen property in the second degree on October 7, 1987;
"(2) The defendant was sentenced to a term of five years, with said term split to six months to serve, the balance on formal probation for four years and six months;
"(3) The probationary period as stated above began on March 22, 1988;
"(4) One of the terms and conditions of probation was that the Defendant pay the required supervision fees;
"(5) The defendant failed to pay said supervision fees for the period of May, 1988, through October, 1989;

*696 "(6) The defendant was working and able to pay the said supervision fees during the months of May and June, 1988 and August through December, 1988;
"(7) On October 20, 1989, the defendant was found in possession of and driving a vehicle which had been stolen two days prior and without benefit of keys for the ignition or trunk;
"(8) On that same date, a burglary occurred at a Radio Shack approximately thirty minutes prior to the time the defendant was found in possession of the stolen vehicle as stated above;
"(9) Property taken from the above-mentioned burglary was found in the trunk of the said vehicle; and
"(10) An eye-witness observed a co-defendant place automobile license tags taken from a used car lot into the trunk of the stolen vehicle mentioned above while the defendant occupied said vehicle.
"WHEREFORE, this Court is reasonably satisfied that the defendant has violated the terms and conditions of his probation by receiving and concealing stolen property and by failure to pay supervision fees as required, all in violation of the rules and regulations of probation and, therefore:
"It is hereby ORDERED, ADJUDGED and DECREED that the term of probation heretofore granted the defendant is revoked and the defendant is remanded to the custody of the Alabama State Board of Corrections."
Based on the foregoing, the court's order revoking probation is affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.
NOTES
[1] The principles established in Morrissey pertained to parole revocations; however, the United States Supreme Court extended those principles to probation revocation hearings in Gagnon.