This is an appeal from a revocation of probation.
The appellant's revocation was based on the testimony of probation officer Robert G. Wiley that the appellant had been referred to him by another probation officer who had filed a motion to revoke based on three charges which occurred in Baldwin County. Those charges are evidenced in the record by the "supervisor's report on delinquent probationer" filed by Alabama Probation and Parole Officer Terri D. Luker. R. 10-11. Mr. Wiley testified that the complaint "said she pled guilty." R. 2. He also testified that the appellant was arrested again after those charges on "[t]hree more shoplifting cases at Riviera Centre in Foley." R. 3. Those arrests were evidenced by a report filed by Mr. Wiley.
Defense counsel objected to the revocation of probation because "the State has [not] presented sufficient evidence to revoke her probation." R. 4. That objection should have been sustained.
A "probation officer's report constitutes hearsay evidence and is insufficient to sustain a revocation of probation."Moore v. State, 432 So.2d 552, 553 (Ala.Cr.App. 1983). "[H]earsay evidence cannot be the sole support for revoking probation." Ex parte Belcher, 556 So.2d 366, 368 (Ala. 1989).
The order of the circuit court revoking the appellant's probation is reversed. This cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.