TAYLOR, Judge.
The appellant, Lonnie Lamar Skipper, pleaded guilty to the theft of property in the second degree, a violation of § 13A-8-4, Code of Alabama 1975. His sentence of five years’ imprisonment was split, and he was placed on two years’ supervised probation, after completion of the disciplinary rehabilitation program, commonly referred to as “boot camp.”
The appellant did not complete boot camp because of medical problems. As a result, the court revoked the appellant’s probation and required him to serve the remainder of his five-year sentence.
The appellant contends that the court erred in not making written findings setting forth the evidence upon which it relied in revoking, and the specific reasons for revoking, his probation. Such a written statement is constitutionally required. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). See also Wyatt v. State, 608 So.2d 762 (Ala.1992); Grimes v. State, 579 So.2d 693 (Ala.Cr.App.1991).
Therefore, this ease is remanded to the Circuit Court for Baldwin County with directions that that court make written findings as required by Morrissey and Gagnon. A copy of the circuit court’s findings shall be filed with this court within 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.