TAYLOR, Presiding Judge.
The appellant, Timothy L. Pickett, appeals the revocation of his probation. He pleaded guilty to assault in the second degree. He was given a five-year split sentence and was then released on probation after serving approximately four months in jail. The appellant was declared delinquent because he was arrested for possession of a controlled substance. His probation was subsequently revoked after a hearing.
The appellant contends that his case should be remanded to the trial court because, he says, the trial court failed to “make a written statement or state for the record the evidence relied upon and the reasons for revoking probation” as required by Rule 27.6(f), Ala.R.Crim.P. The state agrees with the appellant and has filed a motion to remand this cause so that the trial court can make a written statement of the evidence it relied on in revoking probation.
The trial court’s probation revocation order consisted of the following notation in the ease action summary:
“This case having come before the Court on a Probation Revocation Hearing and the Court, having heard testimony from both sides, finds that the defendant’s probation is due to be and is hereby revoked. ORAL NOTICE OF APPEAL WAS GIVEN; the Court set appeal bond at $25,-000.”
This court in Grimes v. State, 579 So.2d 693 (Ala.Cr.App.1991), stated:
*896 “The minimum constitutional requirements for revocation of parole and probation have long been established by the United States Supreme Court in the cases of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
“In addressing probation revocation hearings, the Court, in Gagnon, quoting from Morrissey, listed the following minimal requirements of due process when revoking probation:
“ ‘ “(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a ‘neutral and detached’ hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.” Morrissey v. Brewer, supra, 408 U.S. at 489, 92 S.Ct. at 2604.’ “Gagnon, 411 U.S. at 786, 93 S.Ct. at 1761-62. (Emphasis added [in Grimes].)
“The United States Supreme Court has clearly set out the principles of due process in the eases listed above. These due process rights have not been changed by the United States Supreme Court and must be complied with.”
Grimes, 579 So.2d at 694.
Based on the above authorities and on Rule 27.6, Ala.R.Crim.P., we remand this cause to the Circuit Court for Montgomery County so that that court can address the mandatory constitutional requirements set out by the United States Supreme Court. Only by complying with these constitutional requirements can probation be lawfully revoked. Due return should be filed with this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS. 
All the Judges concur.