TAYLOR, Presiding Judge.
The appellant, Queen Burk Udoakang, appeals the revocation of her probation and the trial court’s denial of credit for time served on a work release program. The appellant pleaded guilty to two counts of attempted possession of a forged instrument in November 1993. She was sentenced to 12 months in jail on each count, those sentences to run concurrently. Her sentence was suspended and she was placed on probation for 24 months. The appellant was found to be in violation of her probation in November 1994, but the court continued the probation, adding six months on a work release program. In November 1995, the appellant was again found to be in violation of probation and her probation was revoked. In its order revoking her probation, the trial court also disallowed any credit for the time the appellant served in the work release program.
The appellant contends that the trial court’s order revoking her probation does not contain the trial court’s reasons for, or a statement of the evidence relied upon in, revoking probation. The state concedes that the appellant is correct and has filed a written motion requesting that we remand this cause so that the trial court can make a written statement of the evidence it relied on and the reasons for revoking probation. See Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The trial court’s order reads as follows:
“The probation of Defendant is revoked and the original sentence of twelve months is ordered [to be] executed. The Defendant is to receive no credit for the time spent on the Work Release Program of Madison County.”
As this court stated in Grimes v. State, .579 So.2d 693 (Ala.Cr.App.1991):
“The minimum constitutional requirements for revocation of parole and probation have long been established by the United States Supreme Court in the cases of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
“In addressing probation revocation hearings, the Court, in Gagnon, quoting from Morrissey, listed the following minimal requirements of due process when revoking probation:
“ ‘ “(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee *308 of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a ‘neutral and detached’ hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.” Morrissey v. Brewer, supra, [408 U.S.] at 489, 92 S.Ct. at 2604.’
“Gagnon, 411 U.S. at 786, 93 S.Ct. at 1761-62. (Emphasis added [in Grimes ].)
“The United States Supreme Court has clearly set out the principles of due process in the cases listed above. These due process rights have not been changed by the United States Supreme Court and must be complied with.”
Chimes, 579 So.2d at 694.
The appellant also contends that the trial court erred by failing to state its findings in support of its decision not to allow credit for time served on a work release program. However, the state correctly points out in its brief to this court that the appellant’s contention was not preserved for review because the appellant failed to object. At the appellant’s probation revocation hearing, the appellant did not object to the count’s decision to not give her credit for time she served on work release. “An adverse ruling is required in order to preserve error for appellate review.” Maul v. State, 531 So.2d 35, 36 (Ala.Cr.App.1987).
The state’s motion to remand is granted. Based on the authorities quoted above and Rule 27.6, Ala.R.Crim.P., we remand this cause to the Circuit Court for Madison County so that that court can comply with the constitutional mandates of Morrissey and Gagnon and make written findings of the evidence relied on and the court’s reasons for revoking probation. Due return should be filed with this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS. 
All the judges concur.