The appellant, Barnett Samuels, appeals from the circuit court's dismissal of his petition for a writ of certiorari seeking a review of the Alabama Board of Pardons and Paroles' denial of his request for parole. A petition for certiorari review filed in the circuit court, is the correct method to challenge an administrative board's ruling. "In the absence of the right to appeal or other adequate remedy, the writ of certiorari lies to review the rulings of an administrative board or commission." Ellard v. State, 474 So.2d 743, 748
(Ala.Cr.App. 1984), aff'd, 474 So.2d 758 (Ala. 1985). This Court's authority to consider this appeal is found in § 12-3-9, Code of Alabama 1975, which states that this Court shall have "exclusive appellate jurisdiction of . . . post-conviction writs in criminal cases."
In his petition to the circuit court, the appellant alleged that he was wrongfully denied his opportunity to be considered for parole. Specifically, he contended that the Board improperly applied § 15-22-27.1, Code of Alabama 1975, and that it used false and erroneous information regarding his parole consideration date, all of which, he says, denied him due process and equal protection of the law.
While the appellant does not clearly state how the trial court incorrectly applied § 15-22-27.1 and does not specify the false and erroneous information that the Board allegedly used, it is clear that the appellant's main contention is that the circuit court erroneously applied § 15-22-27.1, Code of Alabama 1975, to his sentence.
Before addressing the merits of the appellant's claim, we must review the circuit court's final order:
 "This is before the Court on a Petition for Writ of Certiorari filed by the Petitioner and the Motion for Summary Judgment filed by the Respondents in the above styled action. Petitioner alleges that Respondents are improperly applying Section 15-22-27.1, Code of Alabama 1975, to his present conviction, which denies him due process of law. He further claims that Respondents are using false and erroneous information in regards to his parole consideration date.
 "Samuels was found guilty of murder and sentenced to twenty-three years on July 11, 1985. Petitioner appealed his conviction, in part, on the issue of jury selection. The case was remanded . . . to the trial court for further proceedings. The Court of Criminal Appeals held that if the prosecution could not provide race-neutral explanations for its strikes, then Samuels would be entitled to a new trial. See Samuels v. State, 504 So.2d 367, (Ala.Crim.App. 1987). On March 11, 1987, the trial court found [that] a new trial should be *Page 1289 
granted due to special and unusual circumstances. Petitioner then entered a plea of guilty to murder and was sentenced to fifteen years, split to serve three years with the balance on probation.
 "On August 10, 1993, Petitioner was convicted of Assault I and was sentenced to twenty years. This offense occurred on February 2, 1992, and involved serious injury to the victim [, who] sustained multiple stab wounds to the chest and back.
 "Section 15-22-27.1 of the Code states as follows:
 " 'Any person convicted of any act, or attempt to commit the act, of murder, rape, robbery, or assault with a deadly weapon, the commission of which directly and proximately resulted in serious physical injury to another and the commission of which follows within five years a previous conviction of another felony, or attempt thereof, resulting in serious physical injury to another shall upon conviction serve such sentence as may be imposed without benefit of parole, notwithstanding any law to the contrary.'
 "Samuels argues that the Respondents in this action have not applied this Section appropriately in revoking his probation and imposing his original sentence on his first felony. Petitioner was convicted on March 11, 1987, of murder in Jefferson County. The present offense, which involved serious physical injury, occurred on February 2, 1992. This is within the five-year time limit of Petitioner Samuels's first conviction.
 "The Court finds that after a review of the pleadings, documents, and affidavits that the Petitioner's due process rights have not been violated and the Petition for Writ of Certiorari is due to be dismissed."
The record reveals that the appellant was first convicted of murder on July 11, 1985; however, on appeal, that conviction was reversed and a new trial was granted. Samuels v. State,504 So.2d 367 (Ala.Cr.App. 1987). Subsequently, the appellant entered a guilty plea on August 13, 1987, and was sentenced to 15 years imprisonment. That sentence was split and he was ordered to serve three years in prison and the remainder on probation. Further, on August 10, 1993, while on probation for that offense, the appellant was convicted of assault in the first degree. The assault, which resulted in serious physical injury and formed the basis of the conviction as to which the appellant is seeking parole, occurred on February 2, 1992.
Section 15-22-27.1, Code of Alabama 1975, provides:
 "Any person convicted of any act, or attempt to commit the act, of murder, rape, robbery or assault with a deadly weapon, the commission of which directly and proximately resulted in serious physical injury to another and the commission of which follows within five years a previous conviction of another felony, or attempt thereof, resulting in serious physical injury to another, shall upon conviction serve such sentence as may be imposed without benefit of parole, notwithstanding any law to the contrary."
(Emphasis added.)
The appellant contends that § 15-22-27.1 does not apply to his case because, he says, his convictions are not within the five-year time limit set by the statute. Specifically, he asserts that, in determining the applicability of this section, the dates that should have been used were the date of his first conviction for murder, i.e. July 11, 1985, and the date of his conviction for assault, i.e. August 10, 1993. We disagree.
 "When the statutory language is plain and unambiguous, this court must give effect to the legislature's intent, and there is no room for construction. State v. Dawson, 264 Ala. 647, 89 So.2d 103 (Ala. 1956). It is the duty of this court to give effect to the intent of the legislature as expressed in the words contained in the statute. Ex parte Rodgers, 554 So.2d 1120 (Ala. 1989); Deerman v. State, 448 So.2d 492 (Ala.Crim.App. 1984)."
M.C. v. State, 600 So.2d 387, 388 (Ala.Cr.App. 1991).
The intent of the legislature in enacting § 15-22-27.1 is clear from the language of the statute. The dates that should be used in determining whether this statute is applicable to a particular set of facts are the *Page 1290 
date of the previous conviction and the date of the commission
of the later act. Because the appellant's first conviction for murder was reversed, the date of the "previous conviction" would be the date he subsequently entered the guilty plea — or August 13, 1987. Because the appellant committed the assault on February 2, 1992, within the five-year period, the statute does apply.
The appellant, in his reply brief, further contends that the statute is inapplicable because, he argues, no serious physical injury or bodily harm was done to the victim of the assault; thus, he argues, the statutory requirement that one commit a subsequent felony that "resulted in serious physical injury" was not satisfied. However, the record is devoid of any challenge made below on the grounds the appellant now raises on appeal. We have repeatedly stated that this court has appellate jurisdiction only and cannot consider matters on appeal that have not first been presented to the trial court for its determination. Bamberg v. State, 611 So.2d 450 (Ala.Cr.App. 1992). Even had the appellant preserved this issue for appellate review, it is inconceivable to this Court how the appellant's act could be anything other than an act which resulted in "serious physical injury." The evidence tended to show that the victim had multiple stab wounds in the chest and back resulting from the appellant's assault with a butcher knife.
In its brief to this court, the appellant also challenges the trial court's revocation of his probation for the earlier offense. Specifically, he asserts that the court did not have jurisdiction to revoke his probation upon his conviction for assault in the first degree. This issue, however, is not properly before this Court because the present appeal is an appeal from a ruling by the Alabama Board of Pardons and Paroles.
The trial court's dismissal of the appellant's petition for the writ of certiorari is due to be, and is hereby affirmed.
AFFIRMED.
All the Judges concur.