The appellant, Horace C. Johnson, appeals from the Montgomery County Circuit Court's denial of his petition for a writ of certiorari, seeking a review of the revocation of his parole by the Alabama Board of Pardons and Paroles (hereinafter "the Board"). The record shows that, the appellant was convicted on April 12, 1982, of several burglaries and escapes and was sentenced to a total of 23 years' imprisonment; that he was last paroled on May 3, 1993;[1] and that he was arrested on September 11, 1995, for violating parole. A report of this parole violation was prepared by the appellant's parole officer on September 3, 1995. It shows that the parole conditions violated were the failure of the appellant to follow the instructions of his parole officer to enroll in a drug treatment program and his continued use of cocaine. The parole officer recommended that the appellant's parole be revoked. On October 5, 1995, a preliminary revocation hearing was held before a hearing officer. At the conclusion of this hearing, the officer found that the evidence was sufficient to support the parole violations charged, and recommended revocation. On October 31, 1995, a final revocation hearing was held before John S. Nettles, chairman of the Board, and the following day an order was entered revoking the parole.
The appellant contends in his petition that he was denied due process of law at the revocation hearing, because, he says, he was not advised of the evidence against him prior to the hearing and was denied the right to confront and cross-examine the witnesses against him at the hearing. He further claims that he was denied due process by the Board's failure to furnish him a written statement of the evidence relied upon and the reasons for revoking his parole. On December 4, 1996, the circuit court, after finding that the Board had not issued a statement setting forth the evidence relied upon and the reasons for revoking the parole, ordered the Board to file such a document. Subsequently, the Board filed additional documents that included affidavits from the three Board members. Thereafter, on March 4, 1997, the circuit Court entered it's order finding that the appellant had received a "fair and impartial hearing" that satisfied all requirements of due process, and it denied the petition. The circuit court also ordered the appellant to pay a filing fee of $114.
A petition for a writ of certiorari filed in the circuit court is the proper method to challenge a ruling of the Alabama Board of Pardons and Paroles. Samuels v. Alabama Board of Pardons and Paroles, 687 So.2d 1287 (Ala.Cr.App. 1996); Ellard v. State,474 So.2d 743 (Ala.Cr.App. 1984), aff'd, 474 So.2d 758 (Ala. 1985). Judicial review of administrative acts and decisions is limited in scope; ordinarily the courts will pass only on the questions whether the administrative agency has acted within its constitutional or statutory powers, whether its order or determination is supported by substantial evidence, and whether its action is reasonable and not arbitrary. Ellard; LittleCaesar's, Inc. v. Alabama Alcoholic Beverage Control Bd.,386 So.2d 224 (Ala.Civ.App. 1979); 73 C.J.S. Public AdministrativeLaw and Procedure, § 202, et seq. (1951).
The minimum due process requirements that must be met in revoking probation or parole are (1) written notice of the claimed violations of probation or parole, (2) disclosure to the probationer or parolee of the evidence against him or her, (3) an opportunity to be heard in person and to present witnesses and documentary evidence, (4) the right to confront and to cross-examine adverse witnesses, unless the hearing officer specifically finds good cause for not allowing confrontation, (5) a neutral and detached hearing body, and (6) a written statement by the factfinders as to the evidence relied on and the reasons for revoking probation and *Page 899 
parole. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Armstrong v. State, 294 Ala. 100,312, So.2d 620 (1975); Udoakang v. State, 678 So.2d 306
(Ala.Cr.App. 1996); Grimes v. State, 579 So.2d 693 (Ala.Cr.App. 1991).
After reviewing the record of the Board's final parole revocation hearing, we find that the due process requirements set out in Morrissey were not satisfied. For this reason, we do not agree with the circuit court's findings that the appellant received a "fair and impartial" hearing before the Board that satisfied all due process requirements. In its order of revocation and in the affidavit filed by the Board chairman, who conducted the revocation hearing, the Board sets out the evidence it relied upon in revoking the parole. That evidence consisted solely of the parole officer's report of parole violations and the preliminary revocation hearing report, which were hearsay.
While hearsay evidence may be admitted in parole and probation revocation hearings at the discretion of the factfinders, hearsay evidence cannot be the sole basis for revoking probation or parole in this state. Ex parte Belcher, 556 So.2d 366 (Ala. 1989);Mallette v. State, 572 So.2d 1316 (Ala.Cr.App. 1990); Hollis v.State, 598 So.2d 38 (Ala.Cr.App. 1992). Here the two written reports were the sole basis for the revocation of the parole. The parole officer who had firsthand knowledge of the alleged parole violations, including the results of urine tests allegedly showing drug use, was not called to testify. The appellant throughout all the proceedings denied violating any conditions of his parole, and contended that the results of the urine tests administered by the parole officer had been falsified. Under these circumstances, to comply with due process requirements of Morrissey, the Board should have called the parole officer who administered the tests to the appellant to testify. The use of such hearsay evidence as the sole means of proving the violations of the parole conditions denied the appellant the right to confront and to cross-examine the person who originated the factual information that formed the basis of the revocation. For this reason, the appellant was denied due process of law and the evidence was insufficient to prove the alleged violations. The record of the final revocation hearing in this case leaves much to be desired. It is difficult to determine from the record whether the appellant received proper and timely notice of the claimed violations of parole, disclosure of the evidence against him, the opportunity to be heard and present witnesses, and a written statement of the evidence relied upon and the reasons for revoking parole. However, it is clear for the reasons stated above that he was denied the right to confront and to cross-examine the adverse witnesses due to the Board's reliance on hearsay alone to prove the alleged violations of the conditions of parole.
For the foregoing reasons, we remand the case to the circuit court with instructions that it set aside its order denying the petition for a writ of certiorari and assessing a filing fee of $114 against the appellant. The circuit court is further instructed to permit the Board, if it desires, to hold a new revocation hearing that fully meets the due process requirements of Morrissey, particularly the right to confrontation and cross-examination. If the Board fails to hold a new revocation hearing within the time allowed for the return to this remand, the circuit court shall grant the relief prayed for in the petition and order the Board to reinstate the appellant's parole. If the Board holds a new revocation hearing, it shall transmit the record of the proceedings to the circuit court for further review.
The circuit court is further instructed to take all action necessary to allow the clerk to file a proper return to this remand within 56 days from the date of this opinion.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1976.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
[1] The record indicates that the appellant had previously been placed on parole and that parole had been revoked.
 On return to Remand
On September 5, 1997, we remanded this case to circuit court because we determined *Page 900 
that the Alabama Board of Pardons and Paroles had not afforded Horace C. Johnson a parole revocation hearing that satisfied the due process requirements of Morrissey v. Brewer, 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The Board of Pardons and Paroles held a second revocation hearing; however, the circuit court, in its order on remand, found that the second hearing did not satisfy the requirements of Morrissey. Specifically, the circuit court found that the parole violation report again failed to set forth the testimony and evidence relied upon and the reasons for revoking Johnson's parole, and further found that there remained some question as to whether Johnson was afforded the opportunity to confront and to cross-examine the witness against him. The circuit court ordered that Johnson's parole be reinstated. We agree with the circuit court's findings in its order on remand.
Because Johnson has been granted the relief he sought, this appeal is due to be, and it is hereby, dismissed.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1976.
APPEAL DISMISSED.
All Judges concur.