CORRECTED                                                          [PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3,, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-10994

_____

D. C. Docket No. 00-01574-CV-T-N

DAVID DILL, JR.,

                                                    Petitioner-Appellant,

                         versus

ARNOLD HOLT,
Warden,
ATTORNEY GENERAL OF ALABAMA,
STATE OF ALABAMA BOARD OF PARDONS AND PAROLES,

                                                    Respondents-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(JUNE 3, 2004)

Before DUBINA, CARNES and CUDAHY[*], Circuit Judges.

CARNES, Circuit Judge:

David Dill, Jr., an Alabama prisoner, was convicted in an Alabama state court of murder and sentenced to life in prison. He was released on parole after fifteen years. After he allegedly committed two misdemeanors, his parole was revoked and his life sentence reimposed. Unhappy with his return to prison, Dill filed in the district court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Alabama Board of Pardons and Paroles had revoked his parole without affording him due process of law. The district court dismissed his petition for failure to exhaust state court remedies as required by 28 U.S.C. § 2254.[1]

We granted Dill a certificate of appealability on the following two issues: (1) whether a state prisoner proceeding under § 2241 must exhaust available state remedies; and (2) if so, what steps must an Alabama prisoner challenging a parole-

---

[*] Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

[1] Although respondents did not assert the exhaustion defense in the district court, they did not explicitly waive it while they were there either. Under those circumstances, the court was required to address and decide whether petitioner had exhausted his state remedies. See 28 U.S.C. § 2254(b)(3). At oral argument, respondents informed us that they now wish to explicitly waive the exhaustion defense. That announcement comes too late. We did not grant a certificate of appealability on whether respondents had, or wanted to, waive the exhaustion defense. Besides, everyone agrees that because they did not explicitly waive exhaustion in the district court, that court did what it was required to do by addressing the defense.

revocation decision take to properly satisfy the exhaustion requirement. Dill's position is that a state prisoner using § 2241 to attack a parole revocation proceeding need not satisfy the exhaustion requirement of § 2254.

Dill is seeking habeas relief pursuant to § 2241(c)(3), which authorizes it when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, we have held that the requirements of § 2254 – including exhaustion of state remedies – apply to a subset of petitioners to whom § 2241(c)(3) applies: those who are "in custody pursuant to the judgment of a State court." Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir. 2003). As Judge Black explained for this Court in Medberry, "the writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes," § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. 351 F.3d at 1059-62. For that reason, even though Dill brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement if he is "in custody pursuant to the judgment of a State court." And he is.

Dill argues that because he was put back behind bars to serve his life sentence after his parole was revoked in a decision by the Alabama Board of

Pardons and Paroles, he is in custody not pursuant to the judgment of a state court but pursuant to the decision of an administrative body. It is, however, impossible to square that argument with the Medberry decision. In that case a state prisoner using § 2241 to seek relief from disciplinary confinement imposed in a prison disciplinary proceeding was held to be "in custody pursuant to the judgment of a State court," even though the type of custody about which he was complaining had resulted from an administrative decision. Id. at 1061-62. Dill, likewise, is in custody pursuant to his original state conviction and sentence, despite the fact that his current incarceration resulted from an administrative proceeding of an executive branch agency instead of a court. See Jones v. Cunningham, 371 U.S. 236, 243, 83 S. Ct. 373, 377 (1963) (a prisoner who is placed on parole is still "in custody" under the unexpired part of his state sentence for purposes of the habeas statute). Because Dill is still in custody of officials of the state pursuant to the judgment of a state court, his § 2241 petition must comply with § 2254's exhaustion requirement for all of the reasons thoroughly discussed and convincingly explained in Medberry, 351 F.3d at 1059-62. See Thomas v. Crosby, ___ F.3d ___, No. 01-11314 (11th Cir. May 26, 2004) (reaching the same conclusion).

The next question is what state remedies there are to exhaust in this

4

situation. Those remedies, § 2254(b)(1)(A) tells us, are the ones "available in the courts of the State." In construing the exhaustion requirement, the Supreme Court has explained that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999). A complete round of the state appellate process includes discretionary appellate review "when that review is part of the ordinary appellate review procedure in the State." Id. at 847, 119 S. Ct. at 1733.

Under Alabama law, "one complete round" of review of a parole revocation decision includes: (1) filing a petition for certiorari in state circuit court, see Johnson v. State, 729 So. 2d 897, 898 (Ala. Crim. App. 1997); (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals, see Ala. Code § 12-3-9 (2003); Johnson, 729 So. 2d at 898; (3) petitioning the Alabama Court of Criminal Appeals for rehearing, see Ala. R. App. P. 39(c)(1); and (4) seeking discretionary review in the Alabama Supreme Court, see Ala. R. App. P. 39(c). Because Dill has failed to pursue these state remedies in full (or even partially, for that matter), he has not met § 2254(b)(1)(A)'s exhaustion requirement. The district court was correct to dismiss his habeas petition for failure to exhaust state court remedies.

5

AFFIRMED.