WINDOM, Presiding Judge.
Inmate Jessie J. Morris appeals from the circuit court’s denial of his petition for a writ of certiorari in which he challenged the revocation of his parole by the Alabama Board of Pardons and Paroles (“the Board”).
Morris was originálly convicted of two counts of second-degree robbery, see § 13A-8-42, Ala.Code 1975, and one count of first-degree assault, see § 13A-6-20, Ala.Code 1975, and was sentenced to life in prison for each conviction. Morris was paroled on February 9, 2009.
While on parole, Morris was arrested in Birmingham and charged with committing a new offense — second-degree robbery, see § 13A-8-42, Ala.Code 1975. On August 27, 2013, Morris’s parole officer filed a parole-violation report alleging that Morris had committed the new offense of second-degree robbery and recommended that Morris’s parole be revoked. A parole-revocation hearing, at which Morris was represented by counsel, was held on October 8, 2013. During the revocation hearing, the State offered the testimony of Detective Kenneth Prevo of the Birmingham Police Department. At the conclusion of the hearing, the Board revoked Morris’s parole.
On February 13, 2014, Morris filed a petition for writ of certiorari challenging the Board’s revocation of his parole. Specifically, Morris alleged that the State’s only witness admitted that he had no personal knowledge of the events that formed the basis of Morris’s second-degree-robbery charge; therefore, the Board’s decision to revoke his parole was based solely on hearsay evidence. On May 30, 2014, the Board filed a motion for summary judgment, and on June 20, 2014, the circuit court issued an- order dismissing Morris’s petition. On July 18, 2014, Morris filed a motion to set aside or vacate the circuit court’s order-on the ground that the Board had confused, his prison file with another inmate’s file who was also named “Jessie Morris.” The matter was set for a hearing on August 11, 2014, Thereafter, the Board filed a response to Morris’s motion in which it admitted that it had mistakenly used the wrong file and would file a new motion for summary judgment using the correct information. Following a hearing on September 10, 2014, the circuit court issued an order dismissing Morris’s petition. On October 8, 2014, Morris filed his written notice of appeal.
In Ellard v. State, 474 So.2d 743 (Ala.Crim.App.1984), this Court set out the standard of review applicable to a certiora-ri petition seeking review of a decision of the Board:
“On petition for writ of certiorari the circuit court is, as is the appellate court, limited in its review of quasi-judicial acts of administrative officers and boards. The limited function of that review is to detertnine whether the act *874 in question was supported by any substantial evidence, or whether findings and conclusions are contrary to uncon-tradicted evidence, or whether there was an improper application of the findings viewed in a legal sense. Sanders v. Broadwater, 402 So.2d 1035 (Ala.Civ. App.1981). Judicial review of administrative acts and decisions is limited in scope, and ordinarily the courts will only pass on the question of whether the administrative agency has acted within its constitutional or statutory powers, whether its order or determination is supported by substantial evidence, and whether its action is reasonable and not arbitrary. Little Caesar’s, Inc. v. Alabama Alcoholic Beverage Control Bd., 386 So.2d 224 (Ala.Civ.App.1979).”
474 So.2d at 750. See also Samuels v. Alabama Bd. of Pardons & Paroles, 687 So.2d 1287 (Ala.Crim.App.1996).
On appeal, Morris reasserts his argument that the evidence was insufficient to support the revocation of his parole. Specifically, Morris contends that the Board’s decision to revoke his parole was based solely on hearsay. This Court agrees.
“The minimum due process requirements that must be met in revoking probation or parole are (1) written notice of the claimed violations of probation or parole, (2) disclosure to the probationer or parolee of the evidence against him or her, (3) an opportunity to be heard in person and to present witnesses and documentary evidence, (4) the right to confront and to cross-examine adverse witnesses, unless the hearing officer specifically finds good cause for not allowing confrontation, (5) a neutral and detached hearing body, and (6) a written statement by the factfinders as to the evidence relied on and the reasons for revoking probation and parole. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Udoakang v. State, 678 So.2d 306 (Ala. Cr.App.1996); Grimes v. State, 579 So.2d 693 (Ala.Cr.App.1991).”
Johnson v. State, 729 So.2d 897, 898-99 (Ala.Crim.App.1997).
Further, this Court has held that although hearsay may be admitted in parole-revocation hearings, it cannot serve as the sole basis for revocation. See Hollis v. State, 598 So.2d 38, 39 (Ala.Crim.App. 1992). Specifically, in C.L.G. v. State, 50 So.3d 1123 (Ala.Crim.App.2009), this Court stated:
“‘“The use of such hearsay evidence as the sole means of proving the violation of the p[arole] condition denied appellant the right to confront and cross-examine the person who originated the factual information which formed the basis for the revocation. For this reason, appellant was denied minimal due process of law, and the evidence was insufficient to prove the alleged violation of p[arole].”
“‘[Mallette v. State,] 572 So.2d [1316,] 1317 [ (Ala.Crim.App.1990) ]. See also Ex parte Belcher, 556 So.2d 366 (Ala. 1989) (State’s evidence held insufficient in probation revocation hearing where evidence consisted of probation officer’s testimony that, while on probation, the appellant was charged with a federal offense, i.e., conspiring to possess, with intent to distribute, approximately 1000 pounds of marijuana, and certified copies of the federal charge).
“ ‘ “[T]he law is clear that the formality and evidentiary standards of a criminal trial are not required in parole revocation hearings. *875 Thompson v. State, 356 So.2d 757 (Ala. Crim.App.1978), Armstrong v. State, 294 Ala. 100, 812 So.2d 620 (Ala.1975). Hearsay evidence may be admitted in the discretion of the court, though the State acknowledges that hearsay evidence cannot be the sole support of revoking [parole]. Mitchell v. State, 462 So.2d 740 (Ala.Crim.App.1984).
[[Image here]]
“ ‘ “Although pferole] is a .‘privilege’ and not a right, Wray v. State, 472 So.2d 1119 (Ala.1985), certain standards of due process of law must be met to justify revocation. Those standards are set out in Armstrong v. State, supra.
“1 “... While we recognize that all the formal requirements of a criminal trial are not mandated, and that the burden of proof is different, Thompson v. State, 356 So.2d 757 (Ala.Cr.App.1978) (‘[t]he standard of proof is not reasonable doubt or preponderance of the evidence, but reasonable satisfaction from the evidence’), we also recognize that ‘[hjearsay information may not be used to furnish the sole basis of the revocation.’ Watkins v. State, 455 So.2d 160 (Ala.Cr.App.1984). See, also, Moore v. State, 432 So.2d 552 (Ala.Cr.App.1983). In the case at bar, we find that the evidence in the record was insufficient. Although evidence sufficient to support a conviction is not required, a probation officer’s report and/or an arrest warrant, standing alone or together, would be'insufficient.”
“Ex parte Belcher, supra, at 368-69 (emphasis in original),’
“Hall v. State, 681 So.2d 247, 248 (Ala. Crim.App.1995). Further,
“ ““ “[t]he decision to revoke p[ar-ole] is a judicial function and should be based upon the appellant’s con-' duct and not upon an accusation only. The state must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached.” Hill[ v. State, 350 So.2d 716 (Ala.Cr.App.1977) ].’ ”
"'Chasteen v. State, 652 So.2d 319, 320 (Ala.Crim.App.1994) (quoting Mitchell v. State, 462 So.2d 740, 742 (Ala.Crim.App.1984)).’
“Nash v. State, 931 So.2d 785, 789 (Ala. Crim.App.2005).”
50 So.3d at 1123-24.
“Hearsay” is defined as “a statement, other than one made by the declar-ant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Rule 801, Ala.- R. Evid. See also Spradley v. State, 128 So.3d 774, 784 (Ala.Crim.App.2011). ' “A statement offered for a reason other than to establish the truth of the matter asserted therein is not hearsay.” White v. State, [Ms. CR-09-0662, Aug. 30, 2013] — So.3d -,-(Ala.Crim.App.2013). However, a statement relayed to police officers by a non-testifying witness offered to prove the truth of the statement does constitute hearsay. Spradley, 128 So.3d at 786. Thus, a non-testifying victim’s identification of the perpetrator of a crime constitutes hearsay and cannot form the sole basis for the revocation of parole. Cf. Goodgain v. State, 755 So.2d 591, 592 (Ala. Crim.App.1999) (reversing a court’s decision to revoke a Goodgain’s probation because “the only evidence that Goodgain violated his probation by committing another crime was Detective Johnson’s hearsay testimony regarding the statements of the robbery victim contained in the offense report and regarding the lineup identifica *876 tions of Goodgain by the victim and her daughter”).
During the revocation hearing,
“Détectíve Prevo testified*'that on 08/17/2013, William Alexander Davis reported to Birmingham Police Department’s South Precinct that he was walking to the store at about 11:25 PM on Chalet Drive when a red truck pulled up beside him and two white males jumped out. The skinnier of the two males, who was later identified as Troy Allen Hall ran up to Davis screaming, ‘Give me your wallet’ and hit Davis on the head while trying to take Davis’[s] wallet out of his pocket. The other male, who was later identified as Jesse James Morris, ran up and kicked Davis, causing Davis to fall to the ground,- Det. Prevo stated that Davis reported Morris continued to kick him while Hall got Davis’ wallet. The two offenders then ran back to the' truck and drove away from the scene. Davis found a Birmingham police officer and reported the incident. While that officer was taking the report, the dispatcher put out a BOLO for the red truck. Another Birmingham police officer spotted the truck in the Five Points area and began to follow it. When the driver realized he was being followed, he attempted to evade the officer and wrecked the truck. Both occupants of the truck, Morris and Hall, were removed from the scene of the wreck and transported to the police administration building to be interviewed. While being transported, Morris spontaneously stated to' the transporting officer that Hall would jump out of the truck and steal wallets and purses from people, then get back' in the truck. Morris said he knew the Birmingham area and had known Hall for a while. Morris also told the transporting officér that Hall had robbed two other people that same night.
“Det. Prevo said Morris’[s] uninvited and spontaneous statement was recorded on the patrol car’s audio and video system. At the administration building, both men were advised of their Miranda [v. Arizona, 384 U.S. 436 (1966),] rights. Hall stated he was just riding with Morris when the police started chasing them. Morris invoked his right to an attorney. A search warrant was executed on Morris’[s] truck, but nothing was found inside.”
(C. 56-57.)
Detective Prevo further testified that “[t]he victim, William Alexander Davis, was shown two photo.line-ups of six possible suspects on each one. Davis picked Jesse James Morris’s picture from one line-up, and Troy Allen Hall’s picture from the other line-up, as the two offenders who robbed him.” (C. 57.) Detective Prevo brought the photographic line-ups to the hearing and “showed them to everyone.” (C. 57.)
During cross-examination, Morris’s de-fénse counsel asked Detective Prevo whether he had any personal knowledge of the facts of the case and Detective Prevo answered, “no.” (C. 57.) Detective Prevo went on to admit that he had no personal knowledge of the facts of the case, stating that all the information had been taken from the victim’s statements. (C. 57.) Thereafter, defense counsel objected on the grounds that Detective Prevo’s “testimony was based on the word of another person” (C. 57), and, without any independent knowledge of the facts, consisted entirely of .hearsay.
In this case, the State failed to present any non-hearsay testimony that Morris had violated the terms and conditions of his parole. Instead, Detective Prevo’s hearsay testimony regarding the alleged *877 robbery and the victim’s extrajudicial, photographic line-up identification of Morris as the perpetrator were the sole basis for the Board’s revocation of Morris’s parole. See Goodgain, 755 So.2d at 592. Because the only evidence offered to show that Morris had committed the offense of second-degree robbery was Detective Prevo’s hearsay testimony and the victim’s hearsay identification, the State did not present sufficient non-hearsay evidence to support the revocation of Morris’s parole. Goodgain, 755 So.2d at 592.
Accordingly, this Court reverses the circuit court’s order dismissing Morris’s petition for a writ of certiorari and remands the cause to the circuit court with instructions for it to order the Board to conduct another parole-revocation hearing.
REVERSED AND REMANDED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur. '