[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12174
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00921-WHA-SRW

JAMES ANTHONY PRICE,

Petitioner-Appellant,

versus

WARDEN,
THE ATTORNEY GENERAL OF THE STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(June 27, 2017)

Before TJOFLAT, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

James Anthony Price, an Alabama prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust his state remedies.  In Price's § 2254 petition, he asserted that his trial counsel provided ineffective assistance by: (1) withdrawing a request for a preliminary hearing without his consent (Claim One); (2) failing to investigate the use of his out-of-state convictions to enhance his sentence under Alabama's Habitual Felony Offender Act (Claim Two); (3) failing to object to and preserve for appeal a challenge to the trial court's failure to hold a sentencing hearing (Claim Three); (4) failing to object to the use of his Georgia conviction for possession of cocaine by consumption to enhance his sentence because that conviction would not have constituted a felony under Alabama law (Claim Four); and (5) failing to object to the admission at trial of prior bad-act evidence regarding his prior robbery conviction (Claim Five).  Furthermore, he asserted that his appellate counsel rendered ineffective assistance by: (1) failing to comply with Ala. R. App. P. 28(a)(10) in preparing his appellate brief, thereby waiving Price's claims regarding the trial court's failure to give his requested jury instructions and its denial of his motion to suppress a photographic lineup (Claim Six); and (2) failing to challenge the use of his Georgia conviction for possession of cocaine to enhance his sentence under the Habitual Felony Offender Act (Claim Seven).

2

In denying Price's § 2254 petition, the district court reasoned that Price had not raised his ineffective assistance of counsel claims in his petition for rehearing before the Alabama Court of Criminal Appeals.  We granted a certificate of appealability as to whether Price properly exhausted his claims in state court prior to filing his federal 28 U.S.C. § 2254 petition.  On appeal, Price contends that he raised his claims at each stage of his state appellate proceedings, including in his Rule 32 petition, his brief to the Alabama Court of Criminal Appeals, his application for a rehearing in the Alabama Court of Criminal Appeals, and his petition for a writ of *certiorari* to the Alabama Supreme Court.

Whether a claim presented in a 28 U.S.C. § 2254 petition is exhausted presents a mixed question of law and fact, which we review *de novo*.  *Green v. Nelson*, 595 F.3d 1245, 1254 (11th Cir. 2010).  Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b), (c).  The Supreme Court interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  This requirement intends "to give state courts one full opportunity to resolve any constitutional

3

issues by invoking one complete round of the State's established appellate review process." *Id.*

In an Alabama state habeas proceeding, a complete round of the state's established appellate review process includes an appeal to the Alabama Court of Criminal Appeals and a petition for discretionary review in the Alabama Supreme Court. *See Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003); Ala. R. Crim. P. 32.10(a). Before petitioning the Alabama Supreme Court for *certiorari*, the petitioner must first file an application for rehearing in the Court of Criminal Appeals. Ala. R. App. P. 39(c)(1), 40(d)(1). "The application for rehearing must state with particularity the points of law or the facts the applicant believes the court overlooked or misapprehended." Ala. R. App. P. 40(b). We previously stated that in the context of an Alabama prisoner seeking to challenge a parole-revocation proceeding, a petitioner properly exhausts state remedies by: (1) filing a petition for *certiorari* in state circuit court; (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals; (3) petitioning the Alabama Court of Criminal Appeals for rehearing; and (4) seeking discretionary review in the Alabama Supreme Court. *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

Here, Price presented Claims One through Six in his Rule 32 petition, on appeal before the Alabama Court of Criminal Appeals, and in his petition for

*certiorari* before the Alabama Supreme Court. This sufficiently invoked one complete round of the state's established appellate review process with respect to those claims, even though they were not specifically raised in his petition for rehearing. *See Boerckel*, 526 U.S. at 845. At each level of the appellate process, Price filed supporting briefs detailing the factual and legal basis for his ineffective assistance claims. *See Kelley*, 377 F.3d at 1343–45. Thus, both the Alabama Court of Criminal Appeals and the Alabama Supreme Court were given a full opportunity to resolve Price's constitutional claims. *Boerckel*, 526 U.S. at 845. No case law from our court or Alabama courts suggest that Price was required to specifically renew each of his claims in his application for rehearing before the Alabama Court of Criminal Appeals in order to fully exhaust those claims.[1]

Furthermore, Rule 40 of the Alabama Rules of Appellate Procedure requires that the application for a rehearing "state with particularity the points of law or the facts the applicant believes the court overlooked or misapprehended." Ala. R. App. P. 40(b). Rule 40 does not require a petitioner to present every one of his claims in his petition for rehearing, and emphasizes only that the petitioner is required to state the points he believes the court overlooked or misapprehended. Price complied with that requirement by asserting the Alabama Court of Criminal

---

[1] Note that *Dill*, 371 F.3d at 1303, merely states that a petitioner must file for a rehearing with the Court of Criminal Appeals, but does not address whether the petitioner must include every one of his claims within that petition. *Id*.

5

Appeals erred in finding that he failed to present evidence to support his claims because he submitted exhibits with his petition. *See* Ala. R. App. P. 40(b).

However, the district court did not err in concluding that Price failed to exhaust Claim Seven because Price did not raise it before the Alabama Court of Criminal Appeals and Alabama Supreme Court, and state procedural rules would bar any attempt by Price to raise that claim in a second Rule 32 proceeding. *See Boerckel*, 526 U.S. at 845; *Gore v. Crews*, 720 F.3d 811, 816 (11th Cir. 2013); Ala. R. Crim. P. 32.2(d).

Accordingly, we affirm as to claim seven, but vacate the district court's order as to claims one through six, and remand for further proceedings.

**AFFIRMED IN PART AND VACATED AND REMANDED IN PART.**