[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12120

_____

WENDALL JERMAINE HALL,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CHILDREN AND
FAMILIES,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:21-cv-00522-MCR-HTC

_____

Before NEWSOM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Wendall Hall is civilly committed in Florida as a sexual predator under the Jimmy Ryce Act, Fla. Stat. §§ 394.910–394.932. The Act requires a state court to, at least once a year, conduct an evaluation to determine whether a committed individual's mental condition has improved enough that he can safely be released. *Id.* § 394.918. As part of that evaluation, the court conducts a "limited hearing to determine whether there is probable cause to believe that the person's condition has so changed that it is safe for the person to be at large and that the person will not engage in acts of sexual violence if discharged." *Id.* § 394.918(3). If the court finds the requisite "probable cause," it will then conduct a bench trial at which "the state bears the burden of proving, by clear and convincing evidence, that the person's mental condition remains such that it is not safe for the person to be at large and that, if released, the person is likely to engage in acts of sexual violence." *Id.* § 394.918(4).

At his first limited hearing following his commitment, Hall requested that the court appoint an independent expert psychologist to aid in his annual evaluation. The court refused to do so and proceeded to find no probable cause to justify a bench trial.

Hall appealed the state court's limited-hearing decision to the state appellate court. While that appeal was still pending, Hall, who was then proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As relevant to this appeal, in

Ground 3 of his habeas petition, Hall contended that the trial court erred in denying his request to "appoint an expert witness psychologist." A magistrate judge issued a Report and Recommendation advising the district court to dismiss Hall's habeas petition—and in particular, to dismiss Ground 3 for failure to exhaust state remedies on the ground that Hall's appeal before the state appellate court was still pending. But before the district court adopted the R&R, the state appellate court issued a per curiam affirmance of the trial court's decision, thus exhausting Hall's state remedies. And Hall provided notice of the exhaustion to the district court. Nevertheless, the district court later adopted the R&R without offering additional reasoning.

Hall appealed the dismissal of his habeas petition. We granted a Certificate of Appealability as to one question:

> Whether the district court erred in adopting the magistrate judge's recommendation that Mr. Hall failed to exhaust Ground 3, when his appeal was no longer pending in state court by the time the district court issued its order?

"The issue of claim exhaustion presents a mixed question of law and fact, and a 'district court's ultimate conclusion that a claim is exhausted is subject to *de novo* review.'" *Freeman v. Comm'r, Ala. Dep't of Corr.*, 46 F.4th 1193, 1214 (11th Cir. 2022) (quoting *Fox v. Kelso*, 911 F.2d 563, 568 (11th Cir. 1990)). After carefully considering the record, and with the benefit of oral argument, we hold that

the district court erred in adopting the magistrate judge's recommendation.

A writ of habeas corpus "may be granted," by, as relevant here, a "district court[]" if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court," however, "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." *Id.* § 2254(b)(1); *see also Dill v. Holt*, 371 F.3d 1301, 1302-03 (11th Cir. 2004) (holding that § 2241 petitions are subject to § 2254's exhaustion requirement).

Hall challenges the district court's dismissal of his petition, arguing that he had properly exhausted Ground 3 before the district court issued its order. The state responds that Hall failed to exhaust Ground 3, arguing (as we understand its position) that exhaustion should be measured either when the petition was filed or when the magistrate judge issued her R&R.

Hall is right, and the state is wrong. The habeas statute's text makes clear that the proper time to analyze exhaustion is when the district court issues its order. Section 2254(b)(1) provides that a petition for a writ of habeas corpus "shall not be granted" unless state remedies have been exhausted. 28 U.S.C. § 2254(b)(1). The plain language of the statute thus focuses on the moment when habeas relief is "granted"—or denied, as the case may be.

The Supreme Court's decision in *Rhines v. Weber*, 544 U.S. 269 (2005), confirms what the text indicates and defeats any suggestion that exhaustion should be evaluated at the moment a habeas petition is filed.  There, the Court conditionally approved a procedure whereby a district court may in certain circumstances stay and hold in abeyance a "mixed" habeas petition—*i.e.*, one that includes both exhausted and unexhausted claims—in order to allow the petitioner to return to state court to exhaust unexhausted claims. *Id.* at 275–78.  By permitting this practice, the Court necessarily assumed that the proper time to assess exhaustion is when the district court issues its decision.  If, as the state (at times) seems to assert here, exhaustion had to be determined at the moment of a petition's filing, the stay-and-abeyance procedure would make no sense; the mere fact that the as-filed petition included unexhausted claims would necessitate immediate dismissal, and no post-filing event could change that fact. *Cf. Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Supreme Court precedent likewise forecloses any contention that exhaustion should be assessed when the magistrate judge issues her R&R.  In upholding the constitutionality of magistrate judges, the Court stressed that "Congress ha[d] provided that the magistrate's proposed findings and recommendations shall be subjected to a *de novo* determination 'by the [district] judge who . . . then exercise[s] the ultimate authority to issue an appropriate order.'" *United States v. Raddatz*, 447 U.S. 667, 681–82 (1980) (omission and last alteration in original) (quoting S. Rep. No. 94-625, at

3 (1976)).  The R&R prepared by the magistrate judge is exactly what its label communicates—a *recommendation*.  It is entitled to no "presumptive weight," and the "final determination . . . remains with the [district] judge."  *Mathews v. Weber*, 423 U.S. 261, 271 (1976).  Put simply, the magistrate judge is an adjunct of the district court.  The district court is the lone decisionmaker.

Hall exhausted Ground 3.  Although his appeal before the state appellate court was still pending when he filed his federal habeas petition and when the magistrate judge issued her R&R, the state appellate court had decided his case, and he had thus exhausted his state-court remedies, by the time the district court rendered its decision by adopting the R&R.  The district court thus erred in concluding—by adopting the magistrate judge's R&R without comment—that Hall failed to exhaust Ground 3.

The state argues that, even if the district court erred, we should affirm on any of several alternative grounds.  First, the state insists that Ground 3 "was not raised in state court as a plainly federal claim."  Second, the state asserts that Ground 3 rested on "new arguments that had never been presented in state court."  Third, the state contends that Ground 3 is not a "cognizable" habeas corpus claim but must instead be pursued under 42 U.S.C. § 1983.  And finally, the state argues that Ground 3 fails on the merits.  We decline to address the state's alternative arguments, none of which were addressed or considered in the district court.  As we are "a court of review, not a court of first view," we think the state's alternative arguments are best left to the district court in the first

22-12120                Opinion of the Court                7

instance.  *Callahan v. U.S. Dep't of Health & Hum. Servs. ex rel. Azar*, 939 F.3d 1251, 1266 (11th Cir. 2019).  Accordingly, we vacate and remand for further proceedings consistent with this opinion.

    **VACATED** and **REMANDED**.